OLIVE ABSTON et als. *v.* REBECCA ABSTON et als.

A decree of a Probate Court ordering a will to be executed, does not amount to a judgment which is binding on those who were not parties to it, and when the will, thus probated, is offered as the title, in virtue of which property is claimed or withheld, its validity may be inquired into collaterally.

A will in the nuncupative form made in the State of Mississippi, and attested by only three witnesses, in the absence of any evidence with regard to the laws of the State where it was made, will be, in this State, declared invalid.

The law of the actual domicil of an intestate, at the time of his death, will govern in matters relating to the right of inheritance.

Where a man married a second time, while his first marriage was undissolved, and the second wife in contracting the marriage acted in good faith,—*Held:* That at his death, the lawful wife and the wife *de facto,* will be each entitled to one-half of the community, and the children born of each marriage, entitled as legitimate children and heirs-at-law to succeed to the separate property of their deceased father, in equal parts, as if they had been born of the same marriage.

APPEAL from the District Court of the Parish of Carroll, *Farrar,* J.
*Sparrow & Montgomery* and *A. R. Hynes,* for plaintiffs and appellants. *Goodrich & Defrance* and *H. M. Spofford,* for defendants. *C. M. Pilcher,* for intervenor.

LAND, J. The plaintiff, *Olive Abston,* instituted this suit for the purpose of having herself recognized as the lawful surviving wife of *John Abston,* deceased, late of the parish of Carroll, in this State, and as such declared entitled to a portion of the property of his succession. And her son, *John N. Abston,* the issue of her marriage with *John Abston,* deceased, joined in the action for the purpose of having himself recognized as the legitimate son, and lawful heir to the estate of his deceased father.

The suit is against *Rebecca Wright,* the third wife of *John Abston,* deceased, and the administrator of his succession, who has intervened in his capacity of tutor, on behalf of *Nancy Nix Abston,* the minor child of the defendant, the issue of her marriage with the deceased, and has claimed on behalf said minor, the rights of a legitimate and forced heir in the succession of the deceased ancestor.

The defendant, *Rebecca Wright,* pleads in general denial, and especially avers that she was lawfully and properly married to *John Abston,* deceased, in War-

18

ren county, in the State of Mississippi. And that if the plaintiff's alleged prior marriage was ever contracted, it was unknown to her, and to all other persons residing in the said State of Mississippi.

In a supplemental answer, she avers that *John Abston*, deceased, made, in the State of Mississippi, his last will and testament, by which he bequeathed to her all of his property, after the payment of his debts, and that said will has been duly admitted to probate in the parish of Carroll, in this State.

It appears from the evidence, that *John Abston* intermarried with *Olive Hart*, his first wife, and the plaintiff in this suit, in the State of Alabama, and that *John N. Abston*, the co-plaintiff, and other children, were the issue of that marriage. That *John Abston* abandoned his family in the State of Alabama, and without having been divorced *a vinculo matrimonii*, from his first wife, contracted a second marriage with *Susan Bell*, in Warren county, in the State of Mississippi. That after the death of his second wife, still being undivorced from his first, he intermarried, in the same county and State, with the defendant, *Rebecca Wright* ; and within a short period thereafter, removed to the parish of Carroll, in this State, where he acquired a new domicil, and where he died, and where the whole property of his succession, movable and immovable, was situated at the time of his death.

And it further appears, that *John Abston*, deceased, made his last will and testament in the State of Mississippi, and bequeathed to *Rebecca Wright*, as his wife, the whole of his estate after the payment of his debts, and that this will has been probated, and ordered to be executed in Carroll parish in this State.

It is contended, that the will of the deceased having been duly probated and ordered to be executed by a court of competent jurisdiction, cannot be collaterally questioned, and its validity inquired into in this suit.

This position is not tenable ; the decree of a Probate Court, ordering a will to be executed, does not amount to a judgment binding on those who are not parties to it ; and when the will is offered as the title in virtue of which property is claimed or withheld, its validity may be inquired into. *Sophie* v. *Duplessis*, 2 An. 724 ; *Succession of Dupuy*, 4 An. 570.

The will of the testator is in the nuncupative form under private signature, and is attested by only three witnesses. It is unnecessary to determine what effect the testator's change of domicil to this State, where a different law prevails, had as to the validity of his testament ; because, as the law of Mississippi prescribing the forms and solemnities to be observed in the making of last wills and testaments, has not been offered in evidence, the validity of the testament in question must be determined by our own law, which requires the attestation of five witnesses residing in the place where the will is received.

As the testator's will is invalid for the want of the necessary number of witnesses under our law, he must be considered as having died intestate, and the legal rights of the parties to his succession, determined, independently of any testamentary disposition.

By what law, then, are these rights to be determined—the law of Mississippi, where the marriage of the defendant and the deceased was contracted, or by the law of Louisiana, where the intestate had his domicil at the time of his death, and where his succession was opened, and where his property, movable and immovable, was situate ?

The plaintiff contends, that the right of succession in this case of intestacy, must be determined by the law of Mississippi. The statute law of that State is

not in evidence, but this court will judicially notice the fact, that the common law is the basis of the jurisprudence of said State.

The prior marriage of the deceased with the plaintiff, which remained undissolved, was a legal disability under the common law, which made his marriage with the defendant, *Rebecca Wright*, not merely voidable, but void *ab initio*, and the issue of their marriage illegitimate, and incapable of succeeding by inheritance, to the estate of any one. Blackstone's Com. 436, 459.

By the law of this State, the disability of a prior marriage undissolved, also renders the second marriage null and void; but the legal consequences of a marriage void *ab initio*, under our law, are very different from those under the common law. The Civil Code declares that: The marriage which has been declared null produces nevertheless its civil effects as it relates to the parties and their children, if it has been contracted in good faith. If only one of the parties acted in good faith, the marriage produces its civil effects only in his or her favor, and in favor of the children born of the marriage. Arts. 119 and 120.

As the good faith of the defendant, *Rebecca Wright*, in contracting marriage with *John Abston*, deceased, is not questioned, and cannot be on the evidence in the record, the determination of her rights, and those of her minor child, are dependent on the decision of the question, whether the law of Mississippi or the law of Louisiana, is the rule by which those rights are to be adjudged.

Mr. Justice Story, in his work on the Conflict of Laws, says: " The universal doctrine, now recognized by the common law, although formerly much contested, is, that the succession to personal property is governed exclusively by the law of the actual domicil of the intestate at the time of his death. It is of no consequence, what is the country of the birth of the intestate, or of his former domicil, or what is the actual *situs* of the personal property at the time of his death: it devolves upon those who are entitled to take it, as heirs or distributees, according to the law of his actual domicil at the time of his death." He further says, in speaking of the descent and distribution of real estate, as governed by the *lex rei sitæ:* " Foreign jurists generally, although not universally, maintain the same doctrine; and accordingly, hold, that in cases of succession *ab intestato*, we are to ascertain the persons who are to take the inheritance by the *lex loci rei sitæ*, whether the question respects legitimacy, or primogeniture, or right of representation, or proximity of blood, or next of kin. Conflict of Laws, §§ 481, 484.

If we are to ascertain the persons who are to succeed to the succession of the deceased, by the law of this State, we find that the wife *de facto in good faith*, and the issue of her marriage, are placed on an equal footing with the lawful wife, and the issue of her marriage; for the law expressly declares, that a void marriage shall produce its civil effects as to the parties, or party, *in good faith*, and the children born of the marriage; and among these civil effects must be included the right of succession on the part of the children, and a right to one-half of the community of acquets and gains on the part of the wife; and we are, therefore, bound to recognize these civil effects of the marriage of the defendant with *John Abston*, deceased, and to enforce the same in this suit.

The law which regulates the right of succession makes no distinction between persons who have contracted marriage in, or out of this State; nor between the issue of such marriages, whether born within or without the State. If they possess the qualities required by the law in matters of inheritance, they will be recognized as the legal heirs, without regard to the place of marriage, or birth.

In two cases somewhat similar to the present, it has been held that each wife

was entitled, at the death of the husband, to one-half of the community property after the payment of debts, and this rule will govern our decision in this case. *Patton* v. *Philadelphia*, 1 An. 98.  *Hubbell* v. *Inkstein*, 7 An. 252.

The judgment of the lower court awards to each of the wives one-half of the whole succession of the deceased, including the separate property of the husband, and is erroneous in this respect.  The issue of the marriages of *John Abston* with *Olive Hart*, and with *Rebecca Wright*, are entitled as legitimate children, and heirs-at-law, to succeed to the separate property of their deceased father, in equal parts, as if they had been born of the same marriage.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be reversed, and that the verdict of the jury be set aside ; and it is now ordered, adjudged and decreed, that the plaintiff, *Olive Abston*, be declared entitled to one-half of the community property in the succession of *John Abston*, deceased, after the payment of debts, and that the defendant, *Rebecca Wright*, be declared entitled to the other half of said community property.  And it is further ordered, adjudged and decreed, that *John N. Abston*, the co-plaintiff and that *Nancy Nix Abston*, the minor represented by the intervenor, be recognized as heirs-at-law to the separate property or estate of their deceased father, *John Abston*.  And it is further ordered and decreed, that the defendants pay the costs of the lower court, and that the costs of this appeal be paid one-half by the plaintiff, *Olive Abston*, and the other half by *Rebecca Wright*, the defendant.