## Case No. 5,145.

FUENTES et al. v. GAINES.

[1 Woods, 112.] [1]

Circuit Court, D. Louisiana. April Term, 1871.

E. T. Merrick and J. Q. A. Fellows, for complainant.

Miles Taylor and J. McConnell, for defendants.

BRADLEY, Circuit Justice. This is a bill for injunction to stay proceedings in this court. I have been unable to find any precedent for such a bill; and I cannot see the necessity of it. If any circumstances exist which

render it improper or inequitable to carry on proceedings in this court, they can always be brought to the notice of the court by motion or petition in the suit, or may be pleaded in bar or abatement. A formal bill for such a purpose seems to me to be needless litigation, and I shall direct the bill as such to be dismissed, but allow it to stand as a petition in the several suits sought to be suspended, not requiring the complainant to file any formal answer or other pleading thereto.

Supposing the matter to be properly brought before the court on petition and motion thereon, the question arises whether the proceedings in this court ought be stayed, pending the suit brought in the Second district court of the parish of Orleans for the revocation of the will of Daniel Clark.

The solution of this question depends upon that of a prior one; whether the defendants in the cases pending in this court are entitled further to litigate the will of Daniel Clark on which the complainant's claim is based.

From an examination of the law of Louisiana, I am satisfied that the probate of a will is not conclusive against parties in possession of property which is sought to be recovered from them by virtue of it, unless they were parties litigant in the probate proceedings. It may be and probably is prima facie evidence of the validity of the will, but it does not prevent the defendants from showing the will to be invalid. Bouthemy v. Dreux, 10 Mart. [La.] 1; O'Donogan v. Knox, 11 La. 389; Robert v. Allier, 17 La. 5; Rachal v. Rachal, 1 Rob. [La.] 115; Duplessis v. Lombard, 10 Rob. [La.] 193; Sophie v. Duplessis, 2 La. Ann. 725; Succession of Dupuy, 4 La. Ann. 571; Abston v. Abston, 15 La. Ann. 137. This is analogous to the rule which prevails in England and in several states of this country as to wills of real estate. In this state it seems to apply to wills of all kinds of property.

While this is the general rule, I do not mean to decide any subsidiary question which may arise in these cases—such as whether the defendants are prescribed by lapse of time to contest the will or the probate thereof. Such questions will be properly decided when they arise in each case. But being satisfied that the general rights of the defendants are such as I have stated, the next inquiry is, In what manner shall they be allowed to raise the issue?

If it were a new question, I should unhesitatingly say that they could raise it in this court; and could either require a decision upon it from the court itself, as upon one of the necessary questions in the cause or upon a separate issue of devisavit vel non. If the defendants are not concluded by the probate, I see no reason why they cannot contest the validity of the will in these suits. It was never supposed that the validity of a will of real estate could not be questioned in a chancery suit, where it was set up as a

ground of recovery or defense. It is true that the court has refused to entertain a suit for setting aside a will on the ground of its having been obtained by fraud. But in all other cases the well known issue of devisavit vel non shows that the court has entertained jurisdiction of the validity of wills of land from time immemorial, whenever the question has properly arisen in an equity suit. If it has not entertained like jurisdiction with regard to wills of personality, it has been because the probate thereof, in the ecclesiastical courts of England, and in the probate courts of the other states, have always been deemed conclusive upon all persons.

In the case of Gaines v. Relf, 2 How. [43 U. S.] 650, the court seems to consider that there would be no difficulty in testing in this court the will of 1811 by an issue of devisavit vel non: and from a careful examination of the opinion of the supreme court in the case of Gaines v. Hennen, 24 How. [65 U. S.] 553, I am satisfied that the court regarded the validity of the will of 1813 as open to contestation in the circuit court. It was expressly conceded that the admission of the will to probate did not exclude any one who might desire to contest the will with Mrs. Gaines from doing it in a direct proceeding, or from using any means of defense by way of answer or exception, whenever she should use the probate as a muniment of title. The court moreover says: "And the probate does not conclude Relf and Chew, or any other parties having an interest to do so, to oppose the will when it shall be set up against them, by such defenses as the law will permit in like cases. It was with those qualifications of the probate of the will of 1813 that the case was tried in the court below, and they have been constantly in our minds in the trial of the appeal here." Page 558. The court then says: "It is due to the merits of the controversy to advert to the decisions of the probate court of the Second district of New Orleans and to that of the supreme court, reversing it, more minutely than has been done, especially, too, as they are coincident with our conclusions upon the testimony regarding the execution by Mr. Clark of his olographic will of 1813, and the concealment of destruction of it after his death." It thus appears that the court was prepared to examine the question of the validity of the will on its merits, had it been directly attacked, and had the question been directly raised in the pleadings. But it was not so raised in that case nor in the subsequent case of Gaines v. City of New Orleans, 6 Wall. [73 U. S.] 642. In these cases the defendants contented themselves with contending that the probate was null and void, because the probate of the prior will of 1811 had not been directly revoked. This point being ruled against them, the will of 1813 stood unassailed upon the probate awarded by the supreme court of Louisiana, which was

regarded as conclusive until the contrary should be shown. It is true that in the case of Gaines v. New Orleans, 6 Wall. [73 U. S.] 703, it is said: "When a will is duly probated by a state court of competent jurisdiction, that probate is conclusive of the validity and contents of the will in this court."

But it was not necessary to decide this point in that case, and whilst the remark is strictly true with regard to wills of personality in nearly every state in the Union, it is not true with regard to wills of realty in many states; and I do not suppose it to be true with regard to wills of either realty or personalty in Louisiana. If the state courts are not bound by the probate, I do not see why the United States courts should be bound thereby. I am referred to the opinion of this court delivered in May term, 1870, upon an application of Mrs. Gaines to remove into this court proceedings instituted in the Second district of the parish of Orleans by Fuentes and others for the revocation of the probate of the will of 1813.

We then held that we had not probate jurisdiction and could not entertain the questions which were raised in that case. Such is still my opinion. But that is where the direct object of the proceeding is the granting or revocation of probate; not when the validity of the will comes up incidentally on a question of property. The probate of the will is granted for the purpose of administering the estate of the deceased, and confers authority upon the executor to do all things necessary to that end.

But if the executor of any other person claims, by virtue of the will, property in the possession of a third person, who was not a party to the probate proceedings, and who claimed by a title adverse to the will, such third person is not concluded as to its validity by the probate.

Such I understand to be the laws of Louisiana, and when the validity of the will is brought in question in this incidental way, it is open for investigation in any court in which the title of the property may be litigated, whether a state court or a court of the United States.

If, then, the defendants are not concluded by the probate of 1856, but have still the right, unless barred by prescription, waiver, estoppel, or some other supervening cause, to contest the will under which the complainant claims, they ought in some way to have the benefit of the right. The United States courts, in attempting to administer state laws, must do so fairly, so as to secure to suitors all their just rights under those laws, otherwise they might be the means of much injustice and oppression.

We, then, come back to the question whether proceedings ought to be stayed in this court in the several cases referred to, until the defendants can bring to a termination the proceedings instituted by them in the Second district court of New Orleans for a revocation of the probate granted in 1856—of course, the application cannot be entertained in reference to the cases that have gone to a decree. They must be regarded as concluded. It can only be entertained in reference to those cases which are still undetermined, none of which, as I understand it, are now at issue.

Answers are yet to be filed therein.

In view of the considerations which I have before stated, it is competent for the defendants to contest the validity of the will, either by answer in these cases, or by proceedings for a revocation of the probate in the parish court, or in both of the methods. Under these circumstances stay of proceedings in this court is a matter entirely in the discretion of the court. Had the defendants promptly resorted to the district court for redress, I should have felt it my duty to suspend proceedings here until they could have had a fair opportunity to get the decision of the parish court. But, as the supreme court remarks, in Gaines v. New Orleans, 6 Wall. [73 U. S.] 703, the probate has been allowed to rest now for twelve years (now fifteen years), and it seems to me unreasonable to tie the hands of the complainant. I think I am bound in all the causes to proceed if the complainant shall so elect; and if the defendants are successful in procuring a revocation of the probate in the parish court before the closing of testimony in this court, they will then have the benefit of it; otherwise they must depend on a contestation of the will in the causes pending here.

The application is refused.