## No. 4729.

### NATHANIEL E. BAILEY vs. MRS. SARAH QUICK. MISS EMMA QUICK, INTERVENOR.

The inquiry in this case is confined to the controversy between the intervenor and plaintiff. As the intervenor was in no sense a sub-tenant, the articles of furniture which she claimed in the leased premises were liable to seizure by the lessor.

As to the furniture in the room No. 90 Baronne street, which was removed four days before the seizure from the leased premises, it belonged to the intervenor, and, being the property of a third person and not contained in the leased premises at the time of the seizure, it was not subject to the lessor's privilege.

As all the property provisionally seized had been released on bond for $450, the court a qua erred in permitting evidence to go to the jury as to the value of the furniture, and the jury manifestly erred in rendering a verdict against plaintiff for this furniture or the value thereof, which is fixed at $1554 40.

As the intervenor insists in her brief that the sheriff did not take possession of the furniture in room No. 90 Baronne street or the value thereof; "that he went through all the forms except the most essential form of taking possession;" that she held possession of "the room and of her own property in it, no one entering the room while it was there except by her consent," it is to be concluded that there was no seizure of this property, and, consequently, there is no foundation for the claim for damages.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch*, J. Jury trial. *T. Gilmore & Sons*, for plaintiff and appellant. *Alex. T. Steele*, for defendant and appellee. *R. King Cutler*, for intervenor and third opponent, appellee.

WYLY, J. Plaintiff, the lessor of the premises No. 240 Canal street, sued the defendant for $230, the amount of rent due for the months of June, July, and August, 1872, and he also obtained a writ of provisional seizure, and the sheriff seized thereunder the furniture in said premises, and also a quantity of furniture in building No. 90 Baronne street, which had been removed four days before from said leased premises on Canal street.

Bailey vs. Mrs. Sarah Quick.

Miss Emma Quick, the daughter of defendant, claiming to be the owner of this furniture in a room at No. 90 Baronne street, which she valued at some thirteen hundred dollars, and claiming also to be the owner of certain articles of furniture in the leased premises, described in the petition, which she valued at $518, intervened and enjoined the seizure thereof and prayed for judgment for said furniture or the value thereof, $1808 50, and two hundred and fifty dollars damages. Subsequently the property provisionally seized was released on bond for four hundred and sixty dollars.

The cause was submitted to a jury, which rendered a verdict in favor of plaintiff against defendant for two hundred and thirty dollars, and in favor of intervenor, Miss Emma Quick, against plaintiff for the restoration of said furniture claimed by her, and in default of the surrender of said furniture to her, the plaintiff to pay $1554 40, also the further sum of two hundred and fifty dollars damages; and on this verdict judgment was rendered by the court.

Plaintiff appealed from the judgment so far as the same is in favor of Miss Emma Quick on the intervention filed by her. Defendant, Mrs. Sarah Quick, did not appeal.

As no appeal was taken from the judgment against defendant for the amount of rent due by her, the argument which she presents in the elaborate brief filed by her counsel will not be noticed. That judgment is final and can not now be inquired into.

The inquiry is confined to the controversy between the intervenor and plaintiff.

As the intervenor was in no sense a sub-tenant, the articles of furniture which she claimed in the leased premises were liable to seizure by the lessor.

As to the furniture in the room No. 90 Baronne street, which was removed four days before the seizure from the leased premises, we are satisfied it belonged to the intervenor, and, being the property of a third person and not contained in the leased premises at the time of the seizure, it was not subject to the lessor's privilege. Merrick, Race & Foster vs. LaHache, 27 An. 87. As all the property provisionally seized had been released on bond for four hundred and sixty dollars, the court erred in permitting evidence to go to the jury as to the value of this furniture, and the jury manifestly erred in rendering a verdict against plaintiff for this furniture or the value thereof, which it fixed at $1554 40. As the intervenor insists in her brief that the sheriff did not take possession of the furniture, that he "went through all the forms *except the most essential form of taking possession*," that she held possession of "the room and of her own property in it, no one entering the room while it was there except by her consent," we conclude there was no

seizure of this property, and consequently there is no foundation for the claim for damages.

It is therefore ordered that the judgment herein in favor of the intervenor and against plaintiff be annulled, and that intervenor be decreed the owner of the furniture seized in building No. 90 Baronne street, and that the intervention and injunction as to it be maintained, with costs of the court below. It is further ordered that the intervenor pay costs of this appeal.

Rehearing refused.