No. 13,753.

JEAN LABAT VS. H. WALDMEIER.

SYLLABUS.

Where a party claims to have purchased a grocery and bar, but it appears that the vendor remained in actual possession and apparent ownership; that the lease and the licenses were unchanged; and that the barkeeper employed in the place was ignorant of the sale, and where no actual damage is proved, none will be allowed, for a seizure, under a judgment against the vendor, which did not interfere with the business and was released after forty-eight hours. The seizing creditor was not at fault, under the circumstances, in assuming that the judgment debtor was still the owner of the property.

APPEAL from the Civil District Court, Parish of Orleans—*King, J.*

*Albert Voorhies,* for Plaintiff, Appellant.

*E. H. McCaleb, Jr.,* for Defendant, Appellee.

The opinion of the court was delivered by

MONROE, J. The defendant obtained judgment against Mrs. A. Delbasty for twenty-six dollars, under which he caused a certain grocery

and bar-room to be seized. The plaintiff, thereupon, filed an affidavit with the constable, claiming ownership of the seized property, and the constable demanded a bond of indemnity from the seizing creditor, and, upon his failure to furnish the same, released the seizure. Some ten days later the seizing creditor (defendant herein) took a rule on the plaintiff and the constable, ordering that they show cause why he, the mover, should not be dispensed from furnishing the bond of indemnity —on the grounds that the affidavit filed by the claimant did not conform to the law and that the sale therein mentioned—being the sale to said claimant of the property which had been seized, was fraudulent and simulated. What disposition was made of this rule does not appear. Thereafter, in May, 1898, the present action was brought, in which the plaintiff claims damages, to the amount of $2010.00, alleged to have been sustained by him by reason of the proceedings above narrated. There was judgment in the court a qua rejecting his demand, and he has appealed. It appears from the evidence in the record that prior to March 10th, 1898, the grocery and bar in question were owned and conducted by Mrs. Delbasty; in whose name the property was leased and the licenses issued. It is claimed that, upon that day, she sold the establishment to the plaintiff for $1200.00 in cash, which is said to have been paid to her in bills of different denominations. There was, however, no apparent change of ownership or possession. The barkeeper employed at the time was not made aware of the sale; the landlord was ignorant of it; the licenses remained in the name of Mrs. Delbasty, and she remained in charge of the business. And this was the condition upon the 13th of April, when the seizure was made, under the writ against Mrs. Delbasty, for $26.00. It further appears that the keepers appointed by the constable were in the establishment for a couple of days, but that they disturbed nothing, and, in no way, interfered with the running of the business, and, so far as the record shows, that their presence was unknown to any one save the parties interested. If the plaintiff sustained any actual pecuniary damage he has failed to prove it, and, in fact, has made no attempt to do so. Under these circumstances, assuming that the sale to him was a *bona fide* transaction, his leaving the vendor in possession and acquiescing in her being still held out as the owner, authorized the presumption that she was what she appeared to be, and the defendant was not at fault for acting on that presumption.

Judgment affirmed.