No. 14,178.

SUCCESSION OF HENRY BUDDIG.

SYLLABUS.

A policy of life insurance issued to a married man during the existence of the community and made payable to his executors, administrators, and assigns, falls into the community and not his separate estate, on the dissolution of the former by his death.

In answer to a rule taken by the undertutor against the tutrix to show that proper investment has been made, of minor's funds, the tutrix should clearly show that the law has been complied with.

APPEAL from the Civil District Court, Parish of Orleans—— *Theard, J.*

*Frank McGloin,* for Otto Knoop, Under-tutor, Plaintiff in Rule, Appellant.

*Buck, Walshe & Buck,* for Mrs. Henry Buddig, Mother and Tutor, Defendant in Rule, Appellee.

The opinion of the court was delivered by BREAUX, J.

On application for rehearing by BREAUX, J.

The opinion of the court was delivered by

BREAUX, J. Opponent claimed an amount collected on an insurance policy issued to the late Henry Buddig constitutes a separate asset and does not fall into the community. Otto Knoop, under-tutor of Marie L. and Frederick M. Buddig, minor children of the late Henry Buddig, obtained an order of the District Court directing Mrs. Henry Buddig, natural tutrix of these minors, to file a detailed and specific account of her administration and to show cause why she should not invest the funds of the minors in bonds of the State in accordance with an order of the court which had been previously issued.

In compliance with the order of the court on the rule of the under-tutor, the tutrix filed a provisional account of tutorship. The following

is one of the items of the account showing assets as follows: "Life insurance policies payable to estate of assured falling to the community $30,000." Otto Knoop, under-tutor of the children, opposed the account as erroneous because, as he alleges, the estate and not the community was the beneficiary. Otto Knoop, under-tutor, also filed a rule to compel the tutrix to show cause why she had not complied with the court's order, regarding the bonds of the minors.

The evidence shows that the policies were issued in favor of the executors, administrators, and assigns of the assured, Henry Buddig.

With reference to the bonds, an exhibit shows a list of eighty State bonds headed by the names of the two minors before named, but nothing shows that they have been registered in the office of the Auditor.

The District Court homologated the provisional account of Mrs. Henry Buddig by judgment signed on December 10th, 1900.

The rule before mentioned having been filed separately, the District Court passed upon the issues it presented in a separate judgment dismissing the demand of the under-tutor. From the judgment homologating the account and from the judgment dismissing the rule the under-tutor appeals.

We take up in the first place for decision the question whether the amount collected on the policy of insurance belongs to the separate estate of the assured or to the community.

The late Henry Buddig died intestate and left no creditors. His estate was large and unless these policies belong to a separate estate, as claimed by opponent, all the assets fall into the community between him and his wife which was dissolved by his death. The assured having made the policy payable to an "executor, administrator, or assigns," it is, in our view, as if it had been made payable to himself. The question arises, since the husband has the right to take out a policy upon his life in favor of his wife and make it a separate asset of hers, why may he not take out a policy in his own interest and make it part of his separate estate? We can only say in answer: The two interests are not entirely similar. Different issues present themselves when the wife is concerned from what they are when it is the husband who is concerned.

The husband is the head and master of the community. On the other hand, generally when the wife takes charge of the community, because of the death of her husband, or some time his insolvency, or for any

other cause, she is accorded certain rights. She can, for instance, renounce the community and recover the amount of a ploicy of which she is the beneficiary. But even as to her, we do not imagine that the courts will go any farther than they have toward protecting her separate interest.

With reference to the husband, the conditions are not the same. He has no right to transact so as to build up a separate estate to the disadvantage of the community. As to him, primarily all the property belongs to the community. Everything left at the dissolution is presumed common.

This court has never been called upon to decide the issues now in hand. By inference only a similar question was treated in another case which will be cited in a moment. The court said that the right and obligation dated back to the moment the contract was completed; that the date the policy was issued was to be considered in determining to whom the amount was to be paid, otherwise subsequent acts would have retroactive effect. "The character of the interest and of the ownership, therefore, takes its impress from the date of the contract." C. C. 2141. Estate of Jacob E. Moseman, 38 Ann. 219.

It is not because the insured directs that the policy be paid to his executor or administrator that it is to be inferred that he intended that it should not be considered as forming part of the estate of the community.

We have read with attention the case of Lambert vs. Insurance Co., 50 Ann. 1032, cited by learned counsel for opponent and have not found the principle announced as applying here. The decision sustained jurisprudence of a prior date, as relates to the wife as beneficiary of a policy taken out by her husband and does not hold or warrant the conclusion that the husband can make a policy a separate asset by directing in a policy issued during the community that it be paid to his executors.

Common law authorities, under a system of laws which does not recognize the presumption that all property acquired during the community becomes assets of the community, cannot have a direct bearing upon the issues here.

We have read the instructive and interesting decision from the *Journal de Palais,* A. D. 1877, p. 1063, cited by learned counsel. The

insurance was taken out in the name of the two spouses. The court held that the surviving wife acquired a personal right, and to that extent there is perhaps some similarity between our and the French jurisprudence. We take it that French authorities are not always thoroughly in accord. On page 1099 of the same volume of the *Journal* is said, *inter alia,* upon the subject, *"La femme ne pourrait pas en presence de l'art.* 564, *C. Comm. resuellir au detriment de la masse un avantage que lui aurait fait son mari,"* a conclusion not sustained by the preceding text of the opinion and which has application to the husband in the case here as one who cannot advantage himself by an investment of community funds.

The only other question in this case is whether there has been sufficient compliance with the rule regarding the investment of minors' funds in State bonds. The tutrix has introduced a list of bonds bought for her minor children. She should, we think, in answer to the rule, have shown that she had made the investment as required. We have no reason to think that she has failed to have proper registry made of those bonds, as required by Art. 348 of the Civil Code, but that fact must be shown: *i. e.,* that these bonds are properly registrated, after Code.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the District Court homologating the provisional account of Mrs. Henry Buddig and signed on the 10th of December, 1900, be and it is affirmed at appellants costs. As to the second judgment in the same record, it is ordered, adjudged and decreed that the judgment be and it is hereby amended by directing the tutrix to present proper proof to the court of all investments for the minors Marie Marguerite Buddig and Frederick M. Buddig; by showing that the bonds have been duly registered in the Auditor's office in the manner required by Art. 348 of the Civil Code. This part of the case is remanded in order that additional testimony may be heard in accordance with the views before expressed.

In other respects, the judgment is affirmed at appellee's costs.

## On Application for Rehearing.

BREAUX, J. The judgment appealed from dismissing opposition to the account of appellee was affirmed with costs of appeal upon the

appellant, while the judgment dismissing appellee's rule upon tutrix was reversed with costs of appeal upon appellee.

To this extent, there was error, which we correct at once and without granting a rehearing, as we do not think that a rehearing is necessary to the end of merely correcting a decree involving costs to a very small amount.

It is ordered, adjudged and decreed, that our original decree is amended so as to charge all costs to appellant, the tutrix, who shall pay these costs out of the estates of the minors whom she, as tutrix, represents, and that none of these costs are due by the under-tutor who has acted for and in the interest of the minors.

This amendment having been made, the rehearing is refused.