(105 So. 80)

No. 25629.

**CHANDLER v. HAYDEN et al.**

(June 22, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Husband and wife ⬅248—Marriage of first cousins held not in good faith.**

Where woman of 57 married her first cousin, after being advised that it was against the law, under Civ. Code, art. 95, as amended and re-enacted by Act No. 9 of 1902, evidence *held* not to show good faith sufficient to give a null marriage its civil effect as to property, under Civ. Code, arts. 117, 118.

**2. Husband and wife ⬅248—Presumption of good faith, though marriage null.**

There is a presumption that marriage, though null, was contracted in good faith.

**3. Husband and wife ⬅248—Error of law may be basis of good faith necessary to give null marriage civil effects of valid marriage.**

Good faith necessary to cause marriage, which is null, under Civ. Code, art. 95, as amended and re-enacted by Act No. 9 of 1902, to produce the civil effects of a valid marriage, under Civ. Code, arts. 117, 118, may arise from an error of law.

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Columbus Reid, Judge.

Partition suit by Mrs. Ella Chandler, individually and as tutrix, and others, against Mrs. Melissa Clark Hayden and others, wherein which Uriah Hayden and others intervened. Judgment for plaintiffs, and defendant named appeals. Affirmed.

Amos L. Ponder, Sr., of Amite, for appellant.

W. H. McClendon, of Amite, for appellees, heirs of Samuel Hayden.

Shelby S. Reid, of Amite, for appellee Mrs. Ella Chandler.

OVERTON, J. Plaintiffs, Mrs. Ella Chandler and her minor children, owned a certain piece of real property in the parish of Tangipahoa in indivision with Samuel Hayden. Hayden died, leaving no ascendants or descendants. He was, however, survived by a brother, a sister, a number of nephews and nieces, who are descendants of deceased brothers and sisters, and by Melissa Clark Hayden, who claims to have married him in good faith.

Samuel Hayden's interest in the real estate, mentioned above, was acquired by him after his marriage to Melissa Clark. Plaintiffs desired to partition that piece of property. They recognized Melissa Clark as Hayden's widow, and as heir to what they considered his half interest in the property of the community which they thought existed between him and Melissa Clark. They therefore brought this suit against her to effect the partition. Uriah Hayden, the surviving brother of Samuel Hayden, intervened in the suit, alleging that the marriage between his brother and Melissa Clark was in contravention of law, and hence, null and void, for the reason

that his brother and Melissa Clark were first cousins, and prayed that said marriage be declared null and void, and that he, the sister, nephews, and nieces, named in his petition, be recognized as the heirs of Samuel Hayden, and decreed to be the owners of all property belonging to Samuel Hayden's succession, including the interest which Samuel Hayden owned in the property sought to be partitioned. Later, plaintiffs filed a supplemental petition, making Uriah Hayden and his alleged coheirs parties defendant to the partition suit. The alleged coheirs answered the suit and intervened therein, taking the same position taken by Uriah Hayden in his intervention, and asking for the same relief for which he asked. Melissa Clark filed an answer to the interventions and also to the petition for partition. She avers that, if her marriage is illegal, she nevertheless contracted it in good faith, and hence that it produces all of the civil effects of a valid marriage.

No question is presented concerning the proceedings for a partition, save the one involving the ownership of the interest in the property, sought to be partitioned, owned by Samuel Hayden at his death. This question, as we have seen, involves the validity of the marriage of Melissa Clark with Samuel Hayden, and if the marriage be found invalid, then the questions, as to whether or not it was contracted in good faith by her, and if so, then what were its civil effects, if any.

[1-3] Article 95 of the Civil Code, as amended and re-enacted by Act No. 9 of 1902, in so far as pertinent, reads:

"Among collateral relations, marriage is prohibited between brother and sister, whether of the whole or the half blood, whether legitimate or illegitimate, between uncle and niece, between aunt and nephew, and also between first cousins."

The evidence in this case shows beyond question that Samuel Hayden and Melissa Clark were first cousins. Therefore, the marriage, having been contracted in violation of a prohibitory law, was null and void.

But, as we have said, Melissa Clark contends that she married Samuel Hayden in good faith. The Civil Code provides, relative to marriages which are null, but which have been contracted in good faith, as follows:

"Art. 117. The marriage which has been declared null produces nevertheless its civil effects as it relates to the parties and their children, if it has been contracted in good faith.

"Art. 118. If only one of the parties acted in good faith, the marriage produces its civil effects only in his or her favor and in favor of the children born from the marriage."

The law presumes that a marriage, though null, was contracted in good faith. Succession of Navarro, 24 La. Ann. 298; MacCaffrey v. Benson, 40 La. Ann. 10, 3 So. 393.

We have carefully examined the evidence to ascertain whether Melissa Clark knew that she and Samuel Hayden were first cousins at the time they were married. She denies that she knew that they were, though she says that she knew that she and Samuel Hayden were related. She admits that she knew Samuel Hayden from childhood and says that they were "brought up together." The evidence also shows that while her father and mother died when she was quite a child, yet that she was reared by members of the family, and has lived among them, in the parish of her birth, practically all of her life. She addressed Samuel Hayden's mother, who was her mother's sister, as aunt. Uriah Hayden testified that, before the marriage, he informed her that she and Samuel Hayden were first cousins. At the time of her marriage she was 57 years of age. Our conclusion is that, when she married Hayden, she knew that she and Hayden were first cousins.

But Melissa Clark also urges that, when she married, she did so in ignorance of the fact that it was against the law for first cousins to marry. Ordinarily the law does not protect one from the effects of an error

committed as the result of ignorance of its provisions. However, the good faith necessary to cause a marriage, which is null, to produce the civil effects of a valid marriage may arise from an error of law. Succession of Buissiere, 41 La. Ann. 217, 5 So. 668. But, as stated by Mr. Justice Fenner in his concurring opinion, in the case cited, the error ought to be an actual one, and one that is excusable.

In the case at bar, there is direct evidence, which we see no reason to disregard, to the effect that Melissa Clark was advised that it was against the law for first cousins to marry. Moreover, were we to disregard that evidence, still the facts do not exist in this case, which would render the error, if it were such, excusable.

Hence, as the marriage was null and void, and, as it was not contracted in good faith by Melissa Clark, she has no claim as survivor in community to any part of the property, sought to be partitioned, nor to any other property acquired by Samuel Hayden, during the existence of said marriage, nor has she any interest in any part of said property, as his heir, for, the marriage being null and without effect she is not his heir.

For the reasons assigned, the judgment appealed from is affirmed, appellant to pay the costs.

O'NIELL, C. J., concurs in the decree.