## UNITED STATES v. ROBINSON.
### No. 5687.

Circuit Court of Appeals, Fifth Circuit.
April 15, 1930.

Philip H. Mecom, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La., and B. L. Guffy, Atty., U. S. Veterans' Bureau, of Washington, D. C. (W. W. Smith, Gen. Counsel, U. S. Veterans' Bureau, and T. R. Callahan, Atty., U. S. Veterans' Bureau, both of Washington, D. C., A. B. Heitz, Asst. Regional Atty., U. S. Veterans' Bureau, of New Orleans, La., on the brief), for the United States.

Robert G. Chandler, of Shreveport, La., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.

This is an appeal from a judgment for the plaintiff (appellee) in the District Court of the United States for the Western District of Louisiana against the defendant (appellant) on a war-risk insurance policy. Other claimants intervened. The United States, appellant, had an interest in the appeal, having paid to a rejected claimant part of the amounts provided for in the policy.

There was a motion to dismiss the appeal, because the assignments of error did not accompany the allowance of the appeal, and because no written petition for the allowance of the appeal was presented. The appeal was taken and allowed in open court, and the assignments of error were filed sometime after the allowance of the appeal, but incorporated in the transcript. The matters complained of were not jurisdictional, and no harm came to appellees from them, and the motion to dismiss is denied.

These questions of law are presented by the appeal: (1) Is a putative wife, under the law of Louisiana, a spouse within the permitted beneficiaries under the War Risk Insurance Act? (2) Are the proceeds of a war-risk insurance policy community property, or the separate estate of the insured in Louisiana, where the contract of insurance is entered into during the continuance of the marriage relation? (3) In the event the insured dies, leaving a legal and a putative wife, to whom do the proceeds of the policy, being community property, go, under the law of Louisiana? (4) Is interest to be allowed against the United States upon judgment on a war-risk insurance policy?

There are also presented two questions of mixed law and fact, viz. as to whether the

legal wife of the insured or the putative wife, either or both, had during their widowhood open and notorious illicit cohabitation so as to bar them from future installments. The record shows no substantial evidence against Marie Singleton Robertson, the legal wife, of such cohabitation, while she was a widow; and while occasional lapses are admitted by the plaintiff during her widowhood, she is not shown to have lived in adultery openly with any man, and with such continuity as would debar her, if she were otherwise entitled to the insurance.

■ 1. The plaintiff was the putative wife of the insured under the law of Louisiana. The Civil Code of Louisiana provides:

Article 117. "The marriage which has been declared null produces nevertheless its civil effects as it relates to the parties and their children, if it has been contracted in good faith."

Article 118. "If only one of the parties acted in good faith, the marriage produces its civil effects only in his or her favor and in favor of the children born from the marriage."

The plaintiff testified that she married the insured, Preston Robinson, in good faith without knowing that he had previously married another woman, Marie Singleton Robinson, who was then living, and did not find it out until after his death. This would make her a putative wife. Among the permitted beneficiaries under the War Risk Insurance Act is a spouse. A spouse is a legal wife or husband. The Louisiana Code does not make a putative wife a legal wife. On the contrary, article 117 applies only when the marriage "has been declared null." A null marriage does not create the relation of husband and wife. Articles 117 and 118 merely confer on one, who is not recognized as a spouse, the civil effects of the relation. It gives the putative wife "the standing and the rights of a lawful wife and of lawful offspring." Waterhouse v. Star Land Co., 139 La. 177, 182, 71 So. 358, 359. A man who contracted the marriage knowing that he had a living, undivorced wife, would be guilty of bigamy, which implies that the woman, though in good faith, and a putative wife, would not be a legal wife. It is true that the validity of a marriage is determined by the law of the place of marriage, and, if the Louisiana law had declared such a marriage valid, it might be valid elsewhere. The Louisiana law declares the marriage null, and, in spite of recognizing its invalidity, gives the innocent party to it, the right of a spouse, so that in Louisiana a putative wife is not a legal wife, and not a spouse. The specific enumeration of the permitted classes of beneficiaries in the War Risk Insurance Act (section 22, as added by Act Oct. 6, 1917 [40 Stat. 400], and amended by Act Dec. 24, 1919, §§ 2–4 [41 Stat. 371] and section 402, as added by Act Oct. 6, 1917 [40 Stat. 409]), including an illegitimate child, with no mention of a putative wife, precludes the idea that Congress intended by the term "spouse" anything but a lawful wife. It would impair the uniform operation of the act throughout the country to permit a putative wife to be designated in Louisiana and rejected elsewhere. In Howard v. United States, 2 F.(2d) 170, 174, the District Court said: "The first of the possible beneficiaries provided for in section 402 is 'a spouse.' There is no such thing as an illegitimate spouse." In the case of Elliott v. United States, 271 F. 1001, 1004, the District Court said: "Adeline M. Elliott, the latest wife, it is conceded, is not a person entitled to be designated as a beneficiary under section 402 of the War Risk Insurance Act." Our conclusion is that the law of Louisiana does not make a putative wife a legal wife, but only gives her the same civil rights as a legal wife has under the Louisiana law. Those rights might in like terms have been by law given to a cousin, but such legislation would not make a cousin a spouse. The Louisiana law does not create two widows, but gives the rights of a widow to a putative wife, who is not a widow.

■ 2. The legal wife was a permitted beneficiary, but was not named as such in the policy. Her rights, if any, must be derived through inheritance. It is pertinent to determine whether the proceeds of the policy were community property or the separate estate of the insured. There being no named beneficiary, the estate of the insured became entitled to the proceeds, to be distributed as was the personal property of the insured, according to the law of descents and distribution of the state of Louisiana, the domicile of the insured. Personal property, as used in the act, we construe to be property other than real, and to have no other significance. It is the settled law of Louisiana that the proceeds of an insurance policy taken out during the marriage belongs to the community. In the case Succession of Le Blanc, 142 La. 27, 76 So. 223, L. R. A. 1917F, 1137, the Supreme Court said: "Life insurance made payable to the executors, administrators, or assigns of the assured forms a part of his estate at his

death, and the proceeds or avails of such insurance are either community property or the separate property of the estate of the assured, depending upon whether the assured was married or single when the insurance contract was made, not upon his marital status at the time of his death." To like effect are Succession of Buddig, 108 La. 406, 32 So. 361; Succession of Verneuille, 120 La. 605, 45 So. 520; Succession of Roder, 121 La. 692, 46 So. 697, 15 Ann. Cas. 526. In this case, the contract of insurance was taken out during the period of the marriage between the insured and the plaintiff, and as well during marital relation between Marie Singleton Robinson and the insured, and was community property in favor of each. The law of Louisiana controls, it being the domicile of the insured.

3. In this case, the insured died, leaving a legal wife and a putative wife living, and the insurance was community property as to each. Under the settled law of Louisiana, in this situation the community is divided between the two wives equally, excluding the next of kin, and this is true, though there are children of one or both marriages. In the case of Waterhouse v. Star Land Co., 139 La. 177, 71 So. 358, the Supreme Court said: "Where a second marriage has been entered into by a husband during the existence of a previous marriage, and the second wife is in good faith and is ignorant of the existence of the prior marriage, the property acquired by the husband during the existence of the second marriage will be divided between his two wives; and the children of both or either of the marriages are not interested in such property." Held also in Hubbell v. Inkstein, 7 La. Ann. 254 and Abston v. Abston, 15 La. Ann. 137; Ray v. Knox, 164 La. 193, 113 So. 814. In the case of Waterhouse v. Star Land Co., supra, the court said that this was the settled law of Louisiana. We think the judgment of the District Court should have been for the plaintiff for one-half of the face of the policy, and for Marie Singleton Robinson, the legal widow, for the other half of the policy.

4. Interest was allowed by the District Court upon the judgment. Interest can be adjudged against the United States only when it consents thereto. The War Risk Insurance Act makes no provision for the assessment of interest, and the District Court erred in including it in the judgment.

The judgment is reversed, and the cause remanded for further proceedings in conformity to this opinion.