## SUCCESSION OF LYNCH et al. v. UNITED STATES.

### No. 2616.

District Court, W. D. Louisiana. Shreveport Division.

Oct. 1, 1936.

John G. Gibbs, of Natchitoches, La., and Harper F. Willis, of Shreveport, La., for plaintiffs.

Philip H. Mecom, U. S. Atty., and Whitfield Jack, Asst. U. S. Atty., both of Shreveport, La., for the United States.

DAWKINS, District Judge.

This suit was filed by the administrator of the estate of Silas Lynch, Jr., on March 25, 1935, upon a policy of war risk insurance, in which it was alleged that he died while in service as a soldier, thereby maturing the policy. The petition alleged that Lynch died in a government hospital on July 6, 1919; that Emma Lynch "whom he thought was his wife," was the designated beneficiary, but that she had previously been married to Henry Reed, "which marriage had never been dissolved, consequently Emma Lynch was not his wife and could not under the law * * * be the beneficiary therein nor receipt for any part" of the amount due; and that having named no one else in the alternative, the proceeds of the policy belonged to the estate.

Petitioner prayed for judgment in favor of Elijah Lynch as administrator for the monthly installments of $57.50 per

month over a period of 240 months, beginning July 7, 1919. The government alone was made a party defendant.

Defendant, in its original answer, admitted that Emma Lynch was not the lawful wife of the deceased; but by amendment, pleaded her good faith. It further pleaded estoppel on the ground that the parties represented by plaintiff as administrator were not named as beneficiaries, but were claiming as the legal heirs of the deceased; that he had designated Emma Lynch as his beneficiary; that payment to her had been made in good faith and "after reasonable and diligent inquiries as to her status, as the widow of the insured"; and notwithstanding the knowledge of all the persons claiming the proceeds of the policy that defendant was making the monthly payments to her over a long period of years, no objection or protest was ever made thereto. In the alternative, defendant alleged that if the court should find Emma Lynch was not the beneficiary under said policy, then she was the putative wife of the deceased, and as such, under the laws of this state entitled "to one-half of the proceeds of the insurance benefits payable under the policy." It prayed that the demands of plaintiff be rejected, and, in the alternative, that Emma Lynch be held entitled to one-half of the proceeds of the policy, and, further, that defendant's right to sue her to recover the sums erroneously paid, be reserved.

The jury has been waived and the case submitted to the court upon the following stipulation of facts:

"It is stipulated by and between the undersigned counsel for plaintiff and for defendant as follows:

"1. That Silas Lynch, Jr., the deceased veteran in this case, enlisted in the United States Army in 1919. While serving therein, he applied for and was issued a yearly renewable term insurance policy, commonly designated as a war risk insurance policy in the amount of $10,000. Said policy designated as beneficiary: 'Emma Lynch, wife'. Silas Lynch, Jr. died on July 6, 1919, while said policy of insurance was in full force and effect.

"2. On September 20, 1919, Emma Lynch, the identical person designated as beneficiary of said policy, executed before a notary public and filed with the Veterans Administration 'an affidavit of bene-

ficiary', same being annexed hereto, made part hereof and identified as PD–1.

"3. That on September 8, 1920, the Treasury Department, Bureau of War Risk Insurance, recognized the said Emma Lynch as a lawful beneficiary of said insurance policy, as will appear from Exhibit PD–2, annexed hereto and made part hereof.

"4. That on March 15, 1920, the Treasury Department received a communication marked PD–3, annexed hereto and made part hereof, being a report of a Treasury Department Field Examiner.

"5. That on May 20, 1920, the Treasury Department, Bureau of War Risk Insurance, received true copy of marriage license between Silas Lynch and Emma Lynch, marked PD–4, annexed hereto and made part hereof.

"6. That thereafter defendant paid to said Emma Lynch in regular monthly installments the sum of $57.50 per month until the total sum of $9430.00 had been paid to the said Emma Lynch as beneficiary under the terms of the policy.

"7. That after the payment of the said $9430.00 to said Emma Lynch, the defendant was apprised of the fact, which it now admits, that the said Emma Lynch was not the legal wife of Silas Lynch, Jr., the insured, for the reason that Emma Lynch had been married to one Henry Reed several years before she married the insured. Henry Reed had been sentenced to the Louisiana State Penitentiary after a felony conviction, and Emma Lynch married the insured in good faith, thinking that said conviction of Henry Reed granted her a divorce.

"8. That Emma Lynch and the insured lived together as man and wife from the date of their marriage in 1914 until the date of the death of insured.

"9. That the defendant admits that there is due and owing to the administrator of the estate of said Silas Lynch, Jr. the sum of $570.00, but expressly takes the position that having paid the balance of $10,000 policy in good faith, to the said Emma Lynch, it is not liable to the administrator or to anyone else for the amount that it has already paid, to-wit $9430.00.

"10. The filings made in this case on the trial of the exceptions are made a part of this stipulation.

"11. This stipulation is made for convenience of trial hereof and shall not change, vary nor enlarge the pleadings."

I find the facts as stipulated.

█ It is admitted that Emma Lynch acted in good faith, believing that the conviction and sentencing of her husband to the penitentiary gave her a divorce. This was an error of law and not one of fact, yet it gave her the status of a putative wife under the jurisprudence of this state. See Succession of Buissiere, 41 La.Ann. 217, 5 So. 668; Jones v. Squire, 137 La. 883, 69 So. 733; Chandler v. Hayden, 159 La. 5, 105 So. 80. However, this did not entitle her to be named as a beneficiary in the war risk insurance policy. See U. S. v. Roxan Robinson (C.C.A.) 40 F.(2d) 14. In default of a named beneficiary, the proceeds of this policy fell into the community, since it was taken out and the premiums were paid during the existence of the good-faith relation which ended only at the death of Silas Lynch. The policy was thereby matured and Emma Lynch became the owner of one half of this community estate; the other half was inherited by the lawful heirs of the deceased. U. S. v. Robinson, supra. The stipulation of facts does not name or state the relationship of the lawful heirs, but in the petition for letters of administration, which was offered in evidence on the trial of the plea to the jurisdiction, and included in the stipulation of facts, it is alleged: "That the decedent left as his sole and only heirs at law two children, Alice Lynch Holden and Etta Pearl Lynch" Aught, the following brothers, your petitioner and Amos Lynch and Mathew Lynch, and one sister, Lillie Lynch Holden." Of course if Silas Lynch left legitimate children, they, under the Louisiana law, would exclude the brothers and sisters, and if he had no lawful descendants or ascendants, then his putative wife, Emma Lynch, would inherit his half of the community, including the proceeds of this policy. Since the stipulation admits that the administrator is entitled to judgment for the balance of the face of the policy, amounting to $570, I take it that there is no question about the existence or the legitimacy of these daughters. I may say, first, that the record in this case was very scantily made up; and, second, that if insisted upon, Emma Lynch should have been made a party hereto so that the rights of every one could have been disposed of in one proceeding. However, I am not prepared to say that she was such an indispensable party that the court would be justified in noticing it to the extent of refusing to pass upon the matter without her presence.

█ On the plea of estoppel, nothing has been offered to show that the plaintiff administrator, or the alleged legal heirs, whom he represents, knew anything about the payments which the government made to Emma Lynch. Certainly nothing appears to show that they did or said anything to mislead the government in doing so. For aught that appears, they too might have thought these parties were lawful husband and wife until the contrary was discovered by the defendant. The plea of estoppel should, therefore, be overruled.

The plaintiff, as administrator, should recover judgment for one-half of the benefits under the policy and the right of the government to sue Emma Lynch for a return of the excess over the half to which she was entitled, will be reserved.

Proper decree should be presented.