## SIMS v. MATASSA (two cases).
### Nos. 2194, 2195.

Court of Appeal of Louisiana. First Circuit.

March 4, 1941.

C. A. Blanchard, of Donaldsonville, for appellants.

Blum & LeBlanc and Sidney A. Marchand, all of Donaldsonville, for appellee.

JOSEPH A. LORET, Judge ad hoc.

The above two cases were consolidated in this court for the purpose of argument and submission, however, there are separate records in each case. The facts are similar in each case and the principles that apply to one can be applied to the other.

In 1937, the defendant, Joseph Matassa, secured a judgment in the justice court against one Roy Domio for the sum of $45, interest, attorney fees and costs. This judgment was for the balance on the purchase price of a radio which Domio bought from Matassa. At the time the purchase was made, Domio was living with Freda Sims, one of the plaintiffs, without being married to her and had been so living with her for several years as man and wife, from which unlawful union three children had been born. Domio left his paramour a few months before that suit was filed against him and all process therein was served on Freda Sims at the residence where she and Domio had lived as man and wife for sev-

eral years, Matassa and the constable who served the process being under the impression that she was Domio's lawful wife.

A writ of fi. fa. was issued on the judgment rendered in Matassa v. Domio, and on July 14, 1937, the constable undertook to seize the radio and certain connections, and in addition thereto also undertook to seize "one 2 room house in Smoke Bend, iron roof, weather board, front porch, occupied by Roy Domio, and on land of Sims"; also, "1 dresser, 1 washstand, 1 Chifferobe, 1 linoleum". The notice of seizure addressed to Domio was served on Freda Sims at this house which was seized and in which the four articles of furniture were located, being the place where Domio and Freda Sims had lived for some time as man and wife. The constable did not take possession of any of the property, but left the articles of furniture seized in the house and appointed Freda Sims keeper.

On July 19th, five days after this seizure, Freda Sims filed a suit against Matassa, claiming ownership of the four articles of furniture seized and damages in the sum of $1,264.90 for the illegal seizure, and on the same day Sheppard Sims also filed a suit against Matassa claiming the ownership of the house which had been seized and claimed damages in the sum of $1,800 for the illegal seizure. Before making any appearance in either of these suits, Matassa had the constable release the seizure of the property, and a notice of this release was served on both Freda Sims and Sheppard Sims on July 23rd, that is nine days after the seizure was made as aforesaid and before any effort was made to advertise the property for sale and without the constable taking any further possession of it other than the service of notice of seizure on Freda Sims and appointing her as keeper as already stated.

The defendant Matassa filed certain exceptions to both suits all of which were overruled by the court. As none of these exceptions are urged in this court, they must be considered as having been abandoned.

The defendant herein answered both suits setting up the sale of the radio to Domio, the securing of a judgment against him, the seizure of the property and its subsequent release. The defendant herein denied that the plaintiffs in the suits are the owners of the property seized, but allege that the property was owned by Domio, and the defendant herein denies that either plaintiff has

suffered any damage by the seizure and subsequent release of the property.

Judgment was rendered in each case in favor of the plaintiff for $35 as attorney fees, and their other claims for damage were rejected. Both plaintiffs took separate appeals, and the defendant has filed an answer to the appeal in each case asking that the judgment against him for damages be reversed for the reason that the plaintiff in both cases had not proven ownership of the property seized.

■ The trial judge found that Freda Sims was the owner of the four articles of furniture seized. The evidence shows that she purchased that furniture with her money while she was living with Domio. In order for there to be a community of acquets and gains between two persons there must be a valid marriage, or at least a putative marriage, between them. Chandler v. Hayden, 159 La. 5, 105 So. 80. Consequently, there can never be any community of acquets and gains between concubines, even though they keep their concubinage secret by deceiving the public into believing that they are married to each other. These articles of furniture were then clearly the property of Freda Sims, and of course her property could not lawfully be seized to satisfy a judgment against Domio.

■■ We have serious doubt that the seizure of the furniture was a valid seizure. It was not taken out of the house by the constable and Freda Sims was not divested of its possession. However, as the seizure or the attempt at a seizure required her to employ counsel to protect her from having the property advertised for sale and the possible loss of her property through a sale, she is entitled to damages at least to the extent of reasonable attorney fees incurred in getting the property released from the seizure. The seizure was released after the suit was filed and before any pleadings were filed by her, and it seems to us that the attorney fees to which she is entitled are those incurred by her in obtaining the release of her property from seizure and not those for the services rendered in the trial of the case after the seizure was released. The services of the attorney after the release of the seizure concerned the recovery of damages and not the release of property under an illegal seizure.

Where the property of a third person is illegally seized and the owner is compelled to go into court to obtain a release of the illegal seizure, he is entitled to attorney fees as damages. Bailey v. Williams et al., 158 La. 432, 104 So. 197; Soniat v. Whitmer, on rehearing, 141 La. 241, 74 So. 918.

As the defendant Matassa did not act through malice in seizing the furniture, and as he had reasonable grounds, resulting from Freda's conduct, to believe that Freda and Domio were married and that the property belonged to the community, and as Freda Sims was not deprived of the use and possession of the property we do not think she is entitled to damages for humiliation and mental pain and annoyance as she claims in her petition. She is certainly not entitled to the value of the property seized as it has not been taken from her. See Bailey v. Quick, 28 La.Ann. 432; Labat v. Waldmeier, 106 La. 53, 30 So. 262.

■ As to the value of the attorney fees up to the time of the release of the seizure, we think the amount awarded is ample considering the small value of the property seized and the small amount of legal services required to get the property released.

■ In the suit of Sheppard Sims it is urged on the appeal that there is no written proof that this plaintiff owned the house which was seized; that parol proof is not admissable to prove ownership and there is no deed or other written evidence to show ownership of this house on the part of Sims. It was shown by parol evidence over the objection of defendant's counsel that the lot on which this house is located was acquired by Sim's wife from her grandmother; that Sheppard Sims furnished the material for building the house on this lot, and that the house was built for Freda and Domio to live in. Domio had something to do with building the house, but most, if not all, the material was furnished by Sims. It appears that the house was assessed to Domio after it was built and the lot was assessed to Sims. It seems that Domio had some kind of an agreement to re-imburse Sims for the amount spent by him in building the house, but none of this amount was ever paid and, if Sims can show his ownership of the house by parol, we think he has done so.

■ It will be noticed that the notice of seizure described the house as occupied by Domio, but located on land of Sims. It is obvious that what was intended to be seized was the house and not the land on which it was situated. In answering Article 3 of the petition wherein Sims alleges

that he is owner of the lot and had caused this house to be erected thereon, the defendant alleged that Domio constructed said house, and in answering the next article the defendant alleged that Domio paid for and owned the said house, and further on in his answer he denies that Sheppard·Sims is the owner of said house.

We often speak of being unable to prove the ownership of immovable property by parol, but this is not strictly true. What we are unable to prove by parol is the *transfer* of immovable property. C.C. Art. 2275. As usually, when one attempts to prove ownership of immovable property, he attempts to prove his ownership by a transfer of the property to him, and as a *transfer* of immovable property cannot be proved by parol, he cannot prove by parol ownership acquired by transfer. This circumstance has led us into saying that one cannot prove ownership of immovable property by parol.

As long as one does not rely for his proof of ownership upon a transfer thereof to him there is no prohibition in the law against his proving his ownership by parol. A frequently encountered example of ownership not based on a transfer is ownership based on prescription. Certainly, ownership originating that way can be proved by parol.

Another example is the ownership of buildings. When one constructs a building he has no written evidence that it is his, yet the law recognizes that it is his even though it be constructed on the land of another. C.C.Art. 508; C.C.Art. 2726; Baldwin v. Union Ins. Co., 2 Rob. 133, 137. In such a case the builder of the building can prove his ownership thereof, although it be an immovable, by parol because he does not rely on a transfer to establish his ownership but upon the fact that he created the building.

As the parol evidence of ownership offered by Sims in this case was not evidence of a transfer, it was properly admitted.

The defendant alleges in his answer that this house was legally seized under the writ of fi. fa. issued out of the justice court, but was subsequently released by the constable. In view of that allegation, we do not think the defendant can now contend that there was no legal seizure of the property.

As the plaintiff Sheppard Sims was never deprived of the use of the house and as the situation as it then existed gave rise to a belief on the part of the defendant that Domio owned this house, the only damage that Sheppard Sims is entitled to recover is attorney fees up to the time of the release of the seizure. We see no difference in this respect in his case and that of Freda Sims, and cannot say that $35 is an insufficient allowance for attorney fees.

The judgment of the District Court in each of these cases is therefore affirmed.

LE BLANC, J., recused.