**BENDER, Collector of Internal Revenue, v. PFAFF.\***

**No. 5809.**

Circuit Court of Appeals, Fifth Circuit.
Feb. 28, 1930.

Edmond E. Talbot, U. S. Atty., and John W. Harrell, Asst. U. S. Atty., both of New Orleans, La., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and T. H. Lewis, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for appellant.

Monte M. Lemann and Chas. E. Dunbar, Jr., both of New Orleans, La. (Spencer, Gidiere, Phelps & Dunbar and Monroe & Lemann, all of New Orleans, La., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and SIBLEY, District Judge.

*Certiorari granted 50 S. Ct. ——, 74 L. Ed. ——.

FOSTER, Circuit Judge.

In this case there is no dispute as to the facts. Appellee, William Pfaff, and his wife are citizens of Louisiana, domiciled in New Orleans, with their matrimonial community under the laws of that state existing. For the year 1927 they made separate returns for federal taxes, each for one-half of the community income of $30,526.26. Neither had any separate income. The Commissioner of Internal Revenue held that the entire income of the community should have been returned by the husband and determined a deficiency of $1,348.56, which was paid under protest, and this suit followed. The jury was waived, and the District Court, for reasons given in a well-considered opinion (Pfaff v. Bender, 38 F.(2d) 642), which exhaustively reviews the statutes and jurisprudence, both state and federal, pertinent to the issues presented, held in favor of appellee on the ground that the wife in Louisiana has a vested interest in the community property entitling her to file a separate return for one-half of the community income. We need not review the opinion of the District Court and the authorities therein cited. We refer to it with approval, however, as authority for such general statements of the law of Louisiana as are hereinafter made.

Appellant contends that the vested interest of the wife is immaterial, as the husband has dominion and control of the community, and should be taxed for the whole of the community income. He relies for reversal upon the decision of the Supreme Court in the case of U. S. v. Robbins et al., 269 U. S. 315, 46 S. Ct. 148, 149, 70 L. Ed. 285. Whether this decision is controlling is really the only question presented. Of course, considered practically, this involves the amount of taxes to be paid. If the husband must return the whole income, the surtaxes will be greater.

Prior to the decision in the U. S. v. Robbins, supra, following an opinion by Attorney General Palmer, rendered in 1921 (32 Op. Attys. Gen. 435), construing the Revenue Act of 1918 (40 Stat. 1057), spouses in Louisiana and other states having community property laws, except California, were permitted by the Treasury Department to make separate returns of the community income and pay taxes accordingly.

From time to time, as new revenue laws were considered and adopted, attempts were made to incorporate clauses to avoid the effect of Attorney General Palmer's holding, but without avail.

The Revenue Act of 1926 (44 Stat. 9), under which this case arises, is practically identical with previous acts in its provisions as to returns and assessment. It taxes incomes of individuals, and permits a wife to make a separate return of her income. In the case of partnerships, each member may return his share of the firm's profit as his individual income.

In the case of U. S. v. Robbins, supra, the Supreme Court held, as did Attorney General Palmer, that in California a wife has merely an expectancy during the existence of marriage, with no vested interest in the community property, and is not entitled to make a separate return. Had the opinion stopped there, the existing rule of the Treasury Department would not have been disturbed in the least. Unfortunately for the peace of mind of the taxpayer, the concluding paragraph of the opinion went further. The court said:

"But the question before us is with regard to the power and intent of the Revenue Act of February 24, 1919, c. 18, title II, part II, §§ 210, 211, 40 Stat. 1057, 1062 * * *. Even if we are wrong as to the law of California and assume that the wife had an interest in the community income that Congress could tax if so minded, it does not follow that Congress could not tax the husband for the whole. Although restricted in the matter of gifts, etc., he alone has the disposition of the fund. He may spend it substantially as he chooses, and if he wastes it in debauchery the wife has no redress. See Garrozi v. Dastas, 204 U. S. 64, 27 S. Ct. 224, 51 L. Ed. 369. His liability for his wife's support comes from a different source and exists whether there is community property or not. That he may be taxed for such a fund seems to us to need no argument. The same and further considerations lead to the conclusion that it was intended to tax him for the whole. For not only should he who has all the power bear the burden, and not only is the husband the most obvious target for the shaft, but the fund taxed, while liable to be taken for his debts, is not liable to be taken for the wife's, Civil Code, § 167, so that the remedy for her failure to pay might be hard to find. The reasons for holding him are at least as strong as those for holding trustees in the cases where they are liable under the law. Section 219 * * *. See Regulations 65, art. 341."

It is not seriously disputed that the status of the wife in Louisiana is as pointed out by the opinion of the District Court, but the

651

argument is made, based upon the above-quoted language, that the tax is to be assessed against the husband who has dominion and control over the fund, without regard to the state law fixing the vested interest of the wife. This is too broad a construction to place on the opinion. It is obvious that what the Supreme Court said was intended to apply only to conditions similar to those existing in the state of California, as shown in the case under consideration.

In California the wife has no vested interest during the existence of the marriage, and therefore no income to return. In Louisiana the wife's interest in the community property is vested at all times, and does not require the dissolution of the marriage to come into existence.

In California the husband has absolute dominion and control over the community property equivalent to full ownership. If he wastes it in debauchery, the wife has no redress. In Louisiana the husband has dominion and control over the community property, but he must manage it as a prudent administrator. If he wastes it in debauchery, the wife has her remedy to secure a separation of property without disturbing the marriage. If he fraudulently diverts it to his own personal estate, both he and his heirs may be made to account to the wife.

In Louisiana, if the husband dies, the wife takes by virtue of her ownership and not by inheritance. She pays no inheritance taxes, state or federal, on her one-half of the community property.

In Louisiana the earnings of the wife enter into the community, Civil Code, art. 2402, and debts contracted by her must be acquitted out of the common fund, Civil Code, art. 2403. It is true the wife cannot contract without the authority of the husband, express or implied, but a tax is not a debt created by contract. It is created by law, and a duty exists to pay it. No authorization by the husband is required for its validity. The wife may stand in judgment with her husband's authorization. Civil Code, art. 121. If he refuses to authorize, the judge may do so. Civil Code, art. 124.

In many respects, the matrimonial community existing in Louisiana is similar to a commercial partnership created by contract. It frequently happens that partnerships are created in which one partner has the absolute control and dominion of the affairs of the firm, the sole activities of the other partner consisting in furnishing part of the capital. It could hardly be said that, because one partner has the dominion and control of the partnership business, the distributive share of the profits going to the other partner could be added to the individual income of the managing partner for the purpose of computing taxes.

There is slight difference, if any, in Louisiana between the authority and liability of the husband in community and that of a trustee or guardian. While they are required to make returns for their charges, no one would say that the income of the ward or cestui qui trust should be added to the individual income of the guardian or trustee for the purpose of computing his taxes.

We think the decision in U. S. v. Robbins should be held to refer only to cases where the conditions are similar to those existing in California, and that it is not applicable to community property states such as Louisiana.

Affirmed.