ESTATE OF LOUISA MORRIS CARROLL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67678. Promulgated September 7, 1933.

*Walter Carroll, Esq.,* and *Andrew R. Martinez, Esq.,* for the petitioner.

*Thomas F. Callahan, Esq.,* for the respondent.

OPINION.

LANSDON: This proceeding is for the redetermination of a deficiency in estate tax in the amount of $183.39 determined by respondent against the estate of Louisa Morris Carroll, who died on August 11, 1930, a resident of New Orleans, Louisiana. The only issue is whether the cash surrender value of certain life insurance policies should be included in the estate of the decedent.

The proceeding was submitted on the pleadings and some oral testimony was adduced to show that none of the beneficiaries derived any benefit from the life insurance policies in question. The facts are not in controversy.

Subsequent to his marriage and prior to the death of his wife, Joseph W. Carroll took out four insurance policies on his own life, payable to his estate. The cash surrender value of such policies at the date of decedent's death was $61,129.64, no part of which was included in gross estate for estate tax purposes. Upon audit of the estate tax return the respondent held that such value was an asset of the marital community and that one half thereof in the amount of $30,564.82 should be included in the taxable estate of the decedent. None of the policies have been surrendered and none of the beneficiaries of the decedent's estate have received any payments on account of the cash surrender value thereof at the date of decedent's death.

The petitioner contends that as the insurance taken out by the surviving husband was not on the life of the decedent wife, and that as none of the amounts here involved have been received by the executor or any heir or beneficiary of the decedent, it is not taxable under the provisions of section 26, U.S. Code Annotated, and that even if the insurance were on the life of the decedent, it is no part of her estate for Federal estate tax purposes. The respondent's determination is based on the theory that the cash surrender value of the four life insurance policies, all payable to the estate of the decedent's husband, was a community asset at all times after the policies were taken out.

Under the laws of Louisiana it appears to be well settled that an insurance policy taken out by the husband and payable to his estate is community property. In *Succession of Buddig*, 108 La. 406; 32 So. 361, the court, in its syllabus, said: "A policy of life insurance issued to a married man during the existence of the community and made payable to his executor, administrators and assigns, falls into the community, and not his separate estate on the dissolution of the former by death." In the body of the opinion the court said: " He [the husband] has no right to transact so as to build up a separate estate to the disadvantage of the community. Everything left at

dissolution is presumed common." At section 485, McKay on Community Property, a very generally accepted authority, the writer says: " So far as the author has been able to discover in the authorities, the only case where an insurance policy has been held to be common is where the husband, during marriage, procures insurance on his own life payable to himself, his executors, administrators or assigns."

The confusion involved in the taxability of the proceeds of insurance policies probably results in part, at least, from the changed practice of insurance companies since much of the jurisprudence relating to life insurance was established. In its original form a life insurance policy produced no proceeds prior to the death of the insured. At the present time a large number of policies provide for the payment of the principal to the insured or his assigns at the expiration of a fixed period and even the majority of straight life policies provide for cash surrender value at the end of each year in which the contract is in evidence. As to all such policies death is not a prerequisite to a claim for the proceeds of life insurance. The payment of the premiums creates a cash asset that may be realized at the will of the insured, as was the case here where the payment of premiums by the husband resulted in the creation of an asset realizable in cash in the amount of $61,129.64. If this cash surrender value was property, as to which there can be no question, it fell into the community estate on the dissolution thereof by death and one half thereof should be included in the taxable estate of the decedent.

The petitioner argues that as the insured retained the right to change the beneficiaries of all the policies it is not certain that either the wife or her heirs could ever receive any part of the amount in question. Even if material, the petitioner has failed to prove that the insured could designate beneficiaries other than those named in the policies when taken. If he had such power it was not exercised and we are of the opinion that the death of his wife precluded him from making any change as to the cash surrender value of the policies that had accrued at the date of her death.

Petitioner also argues that the amount here in question is not taxable, since Congress has provided special rules for the taxation of the proceeds of life insurance policies. In our opinion the special provisions relied upon have no bearing on the only issue in this proceeding. If the husband had used the money with which he discharged the insurance premiums in the payment of installments on a parcel of real property, there can be no question that the equity so created would have been a community asset under the laws of Louisiana, and taxable as part of the community estate upon the

death of either husband or wife. The respondent has determined that one half the cash surrender value of the life insurance policies in question was a community asset and that the decedent's interest is taxable under the provisions of section 302(a) of the Revenue Act of 1926,[1] as interpreted in article 10 of Regulations 70.[2] Since the decedent died subsequent to February 26, 1926, the test of taxability set out in the second paragraph of article 10 of the regulations has no applicability to the issue here.

*Decision will be entered for the respondent.*

---

[1] SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death.

[2] ART. 10. *Character of interests included.*—It is designed by the foregoing provision of the statute that there shall be included in the gross estate the value of all property of the decedent whether real or personal, tangible or intangible, the beneficial ownership of which was in the decedent at the time of his death.

Where the decedent died prior to 10 : 25 a.m. Washington, D.C., time, February 26, 1926, the test which determines that the value of a given interest is to be included in the gross estate under the provisions of subdivisions (a) of the corresponding sections of the Revenue Acts prior to that of 1926, is whether the property, after death, shall be subject to: (1) Payment of the charges against the estates; (2) payment of the expenses of administration; and (3) distribution as a part of the estate. This test is not applicable if the decedent died subsequent to the effective date of the Revenue Act of 1926.