**DE LAPPE v. COMMISSIONER OF INTERNAL REVENUE.**

No. 9503.

Circuit Court of Appeals, Fifth Circuit.

June 29, 1940.

---

[13] 11 U.S.C.A. § 518.

[14] That is to say, creditors whose claims aggregated 65% of the debtor's total indebtedness.

HUTCHESON, Circuit Judge, dissenting.

Arthur A. Moreno and Felix W. Gaudin, both of New Orleans, La., for petitioners.

S. Dee Hanson, Sewall Key, and Miss Helen R. Carloss, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Ralph F. Staubly, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

In this case the facts are undisputed. Cyprian A. Sporl, senior, died intestate in New Orleans, on January 27, 1936. The marital community, under the law of Louisiana, had existed between himself and his widow, Adrienne deLappe, petitioner. During the existence of the community, he had taken out six policies of insurance on his life, in value, at his death, aggregating $100,990, three payable to his wife, one to each of his two sons, petitioners, and the other to his mother, with the remainder to two sisters. All the premiums had been paid out of community funds. The policies gave the insured the right to change the beneficiary at will but he had never done so. The widow and heirs were put in possession of his estate without administration. In making returns for estate taxes they allocated only one-half of the value of each policy to the estate of decedent. The Commissioner ruled that the entire value of the policies should be credited to the decedent's estate and determined a deficiency. On appeal the Board affirmed. There were other items before the Board but they are not involved in the case before us. For a statement of the case more in detail we refer to the opinion of the Board, Estate of Sporl, Sr., v. Comm., 40 B.T.A. 924.

For reversal of the decision of the Board, petitioners rely upon Lang v. Commissioner, 304 U.S. 264, 265, 58 S.Ct. 880, 883, 82 L.Ed. 1331, 118 A.L.R. 319, in which the facts were similar to those in the case at bar. That case arose under provisions of the Revenue Act of 1926, which are the same as provisions of subsequent revenue acts governing the case. Section 301, 26 U.S.C.A. Int.Rev.Acts, page 225, imposes a tax upon the transfer of the net estate of every decedent. Section 302, 26 U.S.C.A. Int.Rev.Acts, page 227, provides: "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—(a) To the extent of the interest therein of the decedent at the time of his death; * * * (g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life."

The case involved an application of the community property laws of the state of Washington. As to this there is no difference between the law of Washington and the law of Louisiana in regard to life insurance except that under the Washington law if a life insurance policy is payable to the wife the husband can not change the beneficiary without her consent. That is immaterial in this case as the husband did not at any time change the beneficiary under the policies herein involved. Treasury Regulations 70 and 80 were in force when Lang died. The court quoted pertinent

provisions of Treasury Regulations 68, promulgated under the 1924 Act, identical with provisions of Regulations 70, treated them as having Congressional approval and found it unnecessary to discuss the meaning, validity or effect of the changes introduced by Regulations 80. It was held that under the community statutes of Washington one-half of the amounts of the community funds applied to payments of premiums was property of the wife; that where she is the beneficiary, under the words of the Regulations quoted, she became entitled to the proceeds of the policy in proportion to the amount so paid; that where children were named beneficiaries and premiums were paid from community funds the situation is not within the precise words of the Regulations; but the rather obvious reason underlying the definition of what constitutes a policy taken out by the insured should be respected.

The opinion concludes with this significant statement. "In the absence of a clear declaration it cannot be assumed that Congress intended insurance bought and paid for with the funds of another than the insured and not payable to the latter's estate, should be reckoned as part of such estate for purposes of taxation."

 The Board concluded the Supreme Court had decided the Lang case on the authority of Treasury Regulations 70 and, since the case at bar comes under Regulations 80,[1] the decision was not in point. We consider the Supreme Court decided the case on the statute and reference to the regulations was incidental. In Louisiana the wife has a present, vested interest in one-half of the community property and not a mere expectancy. Upon the death of the husband she does not take by inheritance but in her own right as owner.

The husband is the head of the community and he may dispose of the community property without the consent of the wife. But in doing so he acts as agent for the community and not by right of ownership of the whole. Bender v. Pfaff, 282 U.S. 127, 51 S.Ct. 64, 75 L.Ed. 252; See, also, Bender v. Pfaff, 5 Cir., 38 F.2d 649; 13 Tulane Law Review, 424, Taxation of Community Life Ins. As applied to the policies in this case, if the husband without fraud had changed the beneficiaries to a third person, the wife would have had no redress. If he had surrendered them and received the cash value the funds would have been community property. Had he invested those funds in other property, that in turn, would have been community property. In Louisiana the estate of a decedent vests directly in the heirs, instantly upon his death, and not in his personal representative, as in other states. La.Civil Code, Arts. 940–945. There is no need for administration if the heirs elect to accept the succession without it.

The Board cited Newman v. Comm., 5 Cir., 76 F.2d 449; Sizeler v. Sizeler, 170 La. 128, 127 So. 388; and Douglass v. Equitable Life Ins. Co., 150 La. 519, 90 So. 834. The Newman case, so far as it was in conflict with the Lang case, is impliedly overruled and no longer of authority. In Sizeler v. Sizeler, it was held that the wife took the proceeds of the insurance on the life of the husband by virtue of the contract and not as community property. In that case the marriage was illegal under the law of Louisiana and, although the majority opinion is not clear on this point, it is doubtful that the community existed at all. In Douglass v. Equitable Life Ins. Co., with the consent of the wife, the beneficiary had been changed and the policy pledged to secure a debt. It was held that the

---

[1] "Treasury Regulations 80, 1934 Ed., promulgated under the Revenue Acts of 1926 and 1932 as Amended:

"Art. 25. Taxable insurance.—The statute provides for the inclusion in the gross estate of insurance taken out by the decedent upon his own life, as follows: (a) All insurance receivable by, or for the benefit of, the estate; (b) all other insurance to the extent that it exceeds in the aggregate $40,000.

"The term 'insurance' refers to life insurance of every description, including death benefits paid by fraternal beneficial societies, operating under the lodge system. Insurance is considered to be taken out by the decedent, in all cases, whether or not he makes the application, if he pays the premiums either directly or indirectly, or they are paid by a person other than the beneficiary, or decedent possesses any of the legal incidents of ownership in the policy. Legal incidents of ownership in the policy include, for example: The right of the insured or his estate to its economic benefits, the power to change the beneficiary, to surrender or cancel the policy, to assign it, to revoke an assignment, to pledge it for a loan, or to obtain from the insurer a loan against the surrender value of the policy, etc."

pledge was void as in violation of La.Civil Code, Art. 2398, which prohibits a pledge by the wife to secure the debt of the husband, and the wife was entitled to receive the proceeds of the policy.

In Berry v. Franklin State Bank & Trust Co., 186 La. 623, 173 So. 126, the wife was originally the beneficiary but this was changed by the husband to his executors or administrators. The community was dissolved by divorce and a settlement made of the community property but the insurance policies were not included in the settlement. The change of beneficiary was made before divorce but until divorce premiums were paid out of community funds. After the husband's death the divorced wife brought suit against the bank, as administrator, to set aside the settlement for fraud and to recover on the policies. The settlement was set aside and it was held, after an extensive review of the Louisiana authorities, that the proceeds of the policies were community property, one-half of which belonged to the wife.

█ It is elementary that a treasury regulation can not change the law but it is unnecessary to strike down Art. 25 of Regulations No. 80 for the purpose of deciding this case. The regulations follow the law except wherein it attempts to define ownership in the policy, as follows: "Legal incidents of ownership in the policy include, for example: The right of the insured or his estate to its economic benefits, the power to change the beneficiary, to surrender or cancel the policy, to assign it, to revoke an assignment, to pledge it for a loan, or to obtain from the insurer a loan against the surrender value of the policy."

█ These incidents of ownership are not conclusive but merely create a presumption of ownership that may be rebutted. For instance, the right of the insured or his estate to the economic benefits applies in Louisiana to only one-half of the proceeds, if the policy is community property. The power to change the beneficiary; to surrender or cancel the policy; and to obtain from the insurer a loan against the surrender of the policy could be given to an agent without his having any ownership in the policy at all. In these instances, where the premiums on a policy have been paid out of community funds, the husband is acting only as an agent. Necessarily the local law enters into and becomes part of the regulation in cases where it applies. In this case the regulation must be construed in the light of the law of Louisiana.

█ The estate tax law provides: The value of the gross estate of the decedent shall be determined by including the value of all property * * * to the extent of the interest therein of the decedent at the time of his death. In computing estate taxes on the proceeds of life insurance the question to be decided is whether the decedent paid all or only part of the premiums. It is unimportant whether the beneficiary receives the proceeds as separate property or as community property. In either case, if the premiums have been paid out of community funds, the wife has paid one-half of the cost of the insurance and the decedent has paid the other half. In this case the interest of decedent in the policies at the time of his death was only one-half. Regulation 80 could not and did not change this.

The petition is allowed. The judgment of the Board is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

HUTCHESON, Circuit Judge (dissenting).

While there are expressions in the opinion in the Lang case, which taken out of their context, lend support to the view the majority announces, that the Newman case has been impliedly overruled, the opinion read as a whole, does not in my opinion, support that view.

Though the Newman case was cited in the briefs in the Lang case it was not referred to in the opinion, which shows I think, that the Supreme Court correctly concluded that the two cases were different, the Lang case resting on the law of Washington, the Newman case on that of Louisiana.

Believing that the Newman case has not been overruled, and that it is a correct statement of the law, on its authority, I respectfully dissent.