ESTATE OF GERTRUDE LEON ROYCE, RICHARD LEON ROYCE AND LOUIS ROYCE, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105623. Promulgated May 7, 1942.

*C. R. Berne, Esq.*, for the petitioners.
*Walter W. Kerr, Esq.*, for the respondent.

OPINION.

SMITH: The issue presented is whether the value of the corpus of the trust created by the decedent's husband is includable in the decedent's gross estate under the provisions of section 302 (a) of the Revenue Act of 1926. The respondent contends that it is, because during her life decedent had complete beneficial ownership of the corpus through her right entirely to withdraw it from the trust. The petitioners contend that any withdrawals of corpus by the decedent were dependent upon the trustee's discretion and, in the alternative, that if an unlimited right to withdraw did exist the statute does not require the inclusion of the value of the trust corpus in the decedent's gross estate. Section 302 (a) of the Revenue Act of 1926 provides as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death.

There can be no doubt that the trust indenture gave to the decedent the unconditional right to withdraw the entire corpus of the trust. Although the first clause, referring to the privilege of the decedent to withdraw the corpus, is phrased in terms of the power of the trustee to make the payments, a reading of the entire indenture makes it plain that the trustee was given no discretion over the payments to the decedent out of principal. This conclusion is fortified by the

fact that in giving the trustee the power to pay sums out of principal to the sons, the trust indenture expressly places the entire matter in the discretion of the trustee.

The basic problem presented in this proceeding is thus brought clearly into focus. Does the absolute right of the decedent under the trust indenture to withdraw the trust corpus warrant the inclusion of the value of the trust corpus in her estate under the authority of section 302 (a) of the Revenue Act of 1926? It may be assumed that Congress has the power to impose the estate tax in a case such as this one. *Chase National Bank* v. *United States*, 278 U. S. 327; *Tyler* v. *United States*, 281 U. S. 497; *Bullen* v. *State of Wisconsin*, 240 U. S. 625. The question is whether Congress has actually exercised that power.

The rights of the decedent to withdraw the trust corpus terminated at her death. Neither the trust property nor her intangible rights therein were subject to distribution as a part of her estate. The interests of the remaindermen as to them passed directly from the settlor of the trust. At no time was the trust corpus actually the property of the decedent.

The original text of the section under consideration was designated as section 202 (a) of the Revenue Act of 1916 and provided:

SEC. 202. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated:

(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate.

In 1926 the section was amended to its present form. With respect to the 1926 amendment, the House Ways and Means Committee Report (H. R. No. 1, 69th Cong., 1st sess.), reads in part as follows:

SEC. 302. Under existing law the gross estate is determined by including the interest of the decedent at the time of his death in all classes of property which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate. In the interest of certainty it is recommended that the limiting language above referred to shall be eliminated in the proposed bill, so that the gross estate shall include the entire interest of the decedent at the time of his death in all the property.

Clearly the trust corpus was not includable in the decedent's gross estate under the former wording of the section because it was neither subject to the payment of charges against the estate nor to distribution as a part of the estate. Cf. *United States* v. *Field*, 255 U. S. 257. There is nothing in the language of H. R. No. 1, *supra*, to indicate that Congress intended to extend the meaning of section 302 (a) to include interests of a decedent which terminate at death.

A problem similar to the one which we have before us was considered by the District Court for the Southern District of New York in *Davis* v. *United States*, 27 Fed. Supp. 698. In that case the Commissioner contended that because the decedent had a life interest in certain property, coupled with a power of sale, the value of the property was includable in the decedent's gross estate in accordance with section 302 (a) of the Revenue Act of 1926. The court, without deciding whether an absolute power of sale did exist, held that such a power would not be an "interest" within the meaning of section 302 (a). The court stated:

* * * For even if the power of sale were a power over an undivided share outright, such a power is not an "interest" within the meaning of section 302 (a). That provision deals with property owned by a decedent and passing at death by will or intestacy. Subsequent provisions in section 302 deal with property over which a decedent had powers. * * *

The problem of the scope of section 302 (a) was considered in *Helvering* v. *Safe Deposit & Trust Co. of Baltimore*, 316 U. S. 56; reversing in part 121 Fed. (2d) 307, which affirmed 42 B. T. A. 145. The decedent in that case, a minor, was the beneficiary of a trust created by his father and was to receive the income until he reached age 28, at which time he was to become the absolute owner of the property. He was given a general testamentary power of appointment over the trust corpus which he attempted to exercise when he still lacked testamentary capacity in the state in which he was domiciled. The Commissioner contended that the decedent had an "interest" in the trust corpus within the meaning of section 302 (a). With respect to this argument this Board said:

* * * His power of appointment, which gave him a complete power of testamentary disposition during life, did not, as we read the statutes, constitute an "interest" under subsection (a). That a subsequent subsection, (f), should treat it as taxable in certain circumstances we think is immaterial. We conceive that the word "interest," as used in subsection (a), refers to a transferable estate, and not something which, like a life estate or power, ceases altogether on the donee's death. If it includes anything which ceases at the decedent's death, the inclusion must be in express words. * * *

The Supreme Court reached the same result on this point and held that an unexercised general power of appointment is not an "interest" within the meaning of section 302 (a).

The case of *Porter* v. *Commissioner*, 288 U. S. 436, involved section 302 (d) of the Revenue Act of 1926, which provides in substance that the value of property which was transferred in trust, or otherwise, by a decedent during life and is subject at the date of death to any change through the exercise of a power to alter, amend, or revoke retained by the grantor is includable in the decedent's gross estate. The argument was made that section 302 (d) was limited by

the provisions of section 302 (a). The United States Supreme Court said in answer to this argument:

> * * * Subsection (a) does not in any way refer to or purport to modify (d) and, in view of the familiar rule that tax laws are to be construed liberally in favor of taxpayers, it cannot be said that, if it stood alone, (a) would extend to the transfers brought into the gross estate by (d). *United States* v. *Field, supra*, 264. Moreover, Congress has progressively expanded the bases for such taxation. Comparison of section 302 with corresponding provisions of earlier Acts warrants the conclusion that (d) is not a mere specification of something covered by (a) but that it covers something not included therein. * * *

Cf. *Lehman* v. *Commissioner* (C. C. A., 2d Cir.), 109 Fed. (2d) 99.

The power held during her life by the decedent in the instant proceeding was somewhat similar to those of the decedent in the *Porter* case. The distinction between the cases is that in the *Porter* case the decedent had made a transfer of the property and retained the power, whereas here the property never belonged to the decedent. If section 302 (a) does not include the powers specified in section 302 (d), it clearly does not include the power to invade corpus. See also *May* v. *Heiner*, 281 U. S. 238.

We hold that this decedent had no "interest" in the trust corpus which permits the inclusion of the value of the corpus in her gross estate. The contention of the petitioner is sustained.

> *Decision of no deficiency will be entered for the petitioners.*