Estate of Thomas Neal, Deceased, Elizabeth M. Neal, Executrix v. Commissioner.
Estate of Neal v. Commissioner
Docket No. 484.
United States Tax Court
1943 Tax Ct. Memo LEXIS 22; 2 T.C.M. (CCH) 1137; T.C.M. (RIA) 43518; December 21, 1943
*22 Thomas G. Long, Esq., 1881 National Bank Bldg., Detroit, Mich., for the petitioner. Paul A. Sebastian, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: The Commissioner determined an estate tax deficiency of $53,629.54, by including in decedent's gross estate the value of two trust estates created by the decedent and his wife. The facts are stipulated. [The Facts] Thomas Neal died testate on October 5, 1940, a resident of Detroit, Michigan. Elizabeth M. Neal, his widow, is the executrix of his estate. The estate tax return was filed in the Michigan district. On February 2, 1931, Neal and his wife, "donors", executed an instrument creating two irrevocable trusts. It is stipulated that they were not made in contemplation of death. The preamble recites that it is the donors' "desire to create a trust for their joint and several benefit, with remainder over to their son, Kirke Albert Neal, upon the death of the survivor of said Donors". The Equitable and Central Trust Company and the son are named co-trustees. The donors, in consideration of One Dollar and other good and valuable consideration, each transferred to the trustees certain listed securities *23 in trust for the other. Neal transferred securities of a value of $103,152.40 to the trust designated "Thomas Neal trust for the benefit of Elizabeth M. Neal", and the wife transferred securities of a value of $99,049 to the trust designated "Elizabeth M. Neal trust for the benefit of Thomas Neal". The net income of each trust was to be paid to the other spouse in suitable monthly installments during the remainder of his or her life. (3) * * * The Trustees may encroach upon the principal of the trust estate at any time and to any extent within its discretion - should any emergency or contingency arise that may in any manner affect the welfare, comfort or happiness of said ELIZABETH M. NEAL. Moreover, ELIZABETH M. NEAL shall have the right, if at any time the income from the trust estate is insufficient, in her opinion to properly provide for her support, maintenance and travel, to request of the Trustees such amounts from principal from time to time as may be necessary or proper, and in this connection the Trustees are hereby requested and directed to give liberal construction to the provisions, respecting their discretionary rights in this paragraph contained, having always in mind *24 that the trust herein created has been created for the primary purpose of the welfare, comfort and happiness of the said ELIZABETH M. NEAL in the later years of her life. (4) Upon the death of said ELIZABETH M. NEAL, said Trustees shall have the right, in case it should become necessary or desirable so to do, to withdraw from the principal of said trust estate a sum sufficient to pay the expenses of last illness of said ELIZABETH M. NEAL, her suitable burial expenses, including the cost of a cemetery lot, and also the cost of erecting a suitable monument or marker upon her grave, and, after first deducting such expenses, all of the rest, residue and remainder of said trust property and estate shall be transferred to and be added to the trust for the benefit of THOMAS NEAL as though originally part and parcel of the trust created for his benefit, provided said THOMAS NEAL shall then be living. In the event said THOMAS NEAL shall not then be living, then and in that case said rest, residue and remainder of said trust property in estate shall be paid over, transferred and delivered to KIRKE ALBERT NEAL, free of and from all trusts. Provisions in the same terms, substituting the name *25 of Thomas for that of Elizabeth, were made in the Elizabeth M. Neal trust for the benefit of Thomas Neal. If the son predecease both his mother and his father, the remainder, upon the death of the survivor of his mother and father, shall be held in trust for the benefit of the issue of the son until such issue shall have respectively reached twenty-one years of age, such issue to participate equally. Should, however, said KIRKE ALBERT NEAL predecease his mother, the said ELIZABETH M. NEAL, and his father, the said THOMAS NEAL, and die without issue or children him surviving, then and in that event the rest, residue and remainder of the trust estate, both real and personal, no matter whether the same came from the trust originally held for the benefit of ELIZABETH M. NEAL, or whether the same came from the trust originally held for the benefit of THOMAS NEAL, shall be delivered by the Corporate Trustee herein to the Executor named under the last Will and Testament of said KIRKE ALBERT NEAL, should he died testate and be disposed of as part of the residue of said Last Will and Testament, as though originally part and parcel of the Estate of KIRKE ALBERT NEAL. Should said KIRKE ALBERT *26 NEAL, however, die intestate, that is, without leaving a Last Will and Testament, then and in such event said rest, residue and remainder of the trust (estates) hereunder shall be distributed to and among the heirs at law of the said KIRKE ALBERT NEAL, according to the laws of descent and distribution that may be in force in Michigan at that time, respecting the disposition of intestate estates. The trustees were required to make to both the beneficiaries annually a "detailed accounting showing all receipts, disbursements and inventory of residue of property then remaining in the trust estates." No part of the principal of either trust was used for the benefit of either the husband or wife. The values at the time of death of the property in the two trusts are as follows: Thomas Neal Trust
$137,145.55
Elizabeth M. Neal Trust
109,072.30
Total
$246,217.85
[Opinion] The Commissioner included in decedent's gross estate the combined value, $246,217.85, at the time of his death of the property in both the trust covered by the instrument. We are of opinion that the gross estate does not include more than the value, $109,072.30, of the property in the trust created by *27 the wife. Lehman v. Commissioner, 109 Fed. (2d) 99. Petitioner admits that, as in the Lehman case, these were two reciprocal or cross trusts. Although in terms the decedent transferred his contribution to the trustee irrevocably, he may properly be regarded as having instead contributed the amount which, under the reciprocal arrangement, was contributed by his wife. Substituting the wife's contribution for his own as the subject of his trust, he at all times during his life had complete control of the principal and income of the fund, and could invade it and withdraw from it to the extent found necessary and proper for his support, maintenance and travel, and for the primary purpose of his welfare, comfort and happiness. These words preclude any limitation, and require that the constructive "donor" be regarded as having an unlimited right to encroach upon the entire corpus of the trust made for him. Merchants National Bank of Boston, Exec'r v. Commissioner, 320 U.S. 256. Thus the decedent must be regarded as having transferred in trust property the value of which at the time of his death was $109,072.30, and retained *28 until his death the full right to the principal. The property is, therefore, within his gross estate (Section 811 (c), Internal Revenue Code; Estate of Frederick S. Fish, 45 B.T.A. 120; Bankers Trust Co., Admr. v. Higgins, 136 Fed. (2d) 477; cf. Blunt v. Kelly, 131 Fed. (2d) 632) even though his right to receive the income was established before March 3, 1931. The Commissioner, however, has also included the value, $137,145.55, of the property contributed to the trust by the decedent himself reciprocally with that contributed by his wife which is attributed to him. By the adoption of the Lehman theory of cross trusts, the husband's contribution must be attributed to the wife and treated as a transfer by her and not by him. Just as her actual contribution is treated constructively as his, so his actual contribution is to be treated as hers. Thus the conception is that the wife contributed property, which at the date of Neal's death was valued at $137,145.55, to a trust the principal of which was in fact at all times during his life subject to her unlimited control and use. With regard *29 to the property so attributed to the wife, the decedent had no possession or enjoyment during his life, and the possibility of remainder (not of reversion, for theoretically the husband was not the settlor) after the death of the donor, which was created before March 3, 1931, ceased at his death and was not by virtue of his death "transferred" to another. Estate of Gertrude Leon Royce, 46 B.T.A. 1090. It cannot be said that as to this contribution of the wife, there was any transfer by the decedent which took effect at his death. The value, $137,145.55, of the property contributed by the wife may not be included in decedent's gross estate. An issue as to valuation of certain shares has been settled by agreement. Decision will be entered under Rule 50.