### WAECHTER et al. v. UNITED STATES.
No. 2513.

United States District Court,
W. D. Washington, N. D.
July 9, 1951.

Eggerman, Rosling & Williams and Joseph J. Lanza, Seattle, Wash., for plaintiffs.

J. Charles Dennis, U. S. Atty., Thomas R. Winter, Asst. U. S. Atty., Seattle, Wash., for defendant.

YANKWICH, District Judge.

The above-entitled cause, heretofore tried, argued and submitted, is now decided as follows:

Judgment will be for the plaintiff as prayed for in the Complaint, the exact amount to be computed by the parties.

Judgment and Findings to be prepared by counsel for the plaintiff, unless counsel should agree that the stipulated statement of facts take the place of Findings, in which event only Conclusions of Law and Judgment need be filed under Local Rule 26.

### Comment.

At the time of her death, May F. Waechter was the beneficiary of three insurance policies taken out by her surviving husband, Wm. G. Waechter, during her lifetime. Briefly described, they were as follows:

| Amt. of Policy | Name of Company | No. of Policy | Date of Policy | Beneficiary | Cash Value as of 2/20/47 |
|---|---|---|---|---|---|
| $ 3,000.00 | Equitable Life Co. | 1196536 | 1/14/03 | May F. Waechter if living, but if not, to William G. Waechter and Hazel B. Miller equally, or survivor, and should neither survive, to assured's estate, | $2,420.00 |
| $25,000.00 | New York Life Co. | 6320634 | 8/6/18 | May F. Waechter and after death to Hazel B. Miller and Gerry Waechter, share and share alike or survivor, | $15,244.75 |
| $ 4,000.00 | Equitable Life Co. | 1337670 | 5/11/04 | May F. Waechter or estate of insured, | $3,620.00 |

Up to the time of her death, the premiums for the policies were paid out of the community funds of herself and her husband. Her executors, on March 22, 1948, filed an

estate tax return which included as a part of the gross estate the total cash surrender value of the policies, amounting to $21,284.-75. The Collector assessed a deficiency on one-half of the cash surrender value of the policies in the amount of $1,459.33, which was paid. Timely claim for refund having been refused, this action was instituted.

The problem before the Court is whether the tax was due. It is the Government's contention that the community interest in the insurance policy was liable for the tax under Section 811(e) (2) of the Internal Revenue Code, 26 U.S.C.A. § 811(e) (2).

We cannot agree.

■ Estate taxes are imposed because a transfer of an estate occurs upon a person's death. Knowlton v. Moore, 1900, 178 U.S. 41, 56, 50, 20 S.Ct. 747, 44 L.Ed. 969; Heiner v. Donnan, 1932, 285 U.S. 312, 52 S.Ct. 358, 76 L.Ed. 772; Helvering v. St. Louis Trust Co., 1935, 296 U.S. 39, 41, 56 S.Ct. 74, 80 L.Ed. 29.

■ Under the law of the State of Washington, the wife has an interest in everything acquired by the husband with community funds. Remington, Revised Statutes of Washington, Sec. 1342. The husband has control of the personalty. Remington, Revised Statutes of Washington, Sec. 6892. Under the terms of the policies of insurance, the husband has the right to change the beneficiary. And, while in making such change, he cannot give away the proceeds to strangers, Occidental Life Ins. Co. v. Powers, 1937, 192 Wash. 475, 74 P.2d 27, 114 A.L.R. 531; King v. Prudential Ins. Co., 1942, 13 Wash.2d 414, 125 P.2d 282, he may, without the consent of his wife, change the beneficiary from his wife to his estate. In re Towey's Estate, 1945, 22 Wash.2d 212, 155 P.2d 273. However, the protection which is thus extended against an unauthorized disposition of the wife's interest in an insurance policy does not make the interest of the wife in a policy in which she is the beneficiary "property which passes by will or by a statute of inheritance". In re Knight's Estate, 1948, 31 Wash.2d 813, 199 P.2d 89, 94. In the case of policies payable on the death of an insured, who is the surviving spouse, "noth-ing whatever became payable on the death of the beneficiary, the deceased wife". In re Knight's Estate, supra, 31 Wash.2d at page 941, 199 P.2d at page 94.

■ The language just quoted was used in a case arising under the inheritance tax statute of the State of Washington. But the logic of the reasoning applies with equal force to the estate tax. *To be taxable, a transfer of an estate must occur.* And if, as it appears, the wife had no power to transfer one-half of her surrender value in the policy, and upon her death, nothing became due to her heirs, there is no interest to which the estate tax would attach. The same result is reached if we approach the problem from another angle. The duty to pay the estate tax devolves upon the executor. 26 U.S.C.A. §§ 822, 825. Severe penalties are imposed for failure to perform this duty, 26 U.S.C.A. § 145, in addition to distraints against the estate. 26 U.S.C.A. §§ 826–827.

Recently in my home District, executors were actually prosecuted for attempt to evade the estate tax by failing to make a proper return. United States v. Cole, D.C. Cal.1950, 90 F.Supp. 147.

Under Washington law, the executor is given the right to the possession or management of all the real and personal property of the deceased, and to receive the rents and profits of the real estate until the estate is settled. Remington, Revised Statutes, Sec. 1464. It is made his duty, within one month after his appointment, to return a true inventory of "all the property of the estate which shall have come into his hands", and to apply to the Court for the appointment of appraisers to appraise the property so inventoried. Remington, Revised Statutes, Sec. 1465.

In the case of a life insurance policy upon the life of the husband, there is no provision in the law of the State of Washington for *liquidating any interest which the wife may have had in the property.* Granted that the policy has a possible cash surrender value, there is no provision in law for reducing it to the possession or control of the wife's executor. He cannot compel the husband to cancel the policy, in order that its surrender value might be

equally divided between the estate and the husband. And the surrender value remains in the realm of possibility, unless there be power to *compel* surrender. So that, if the contention of the Government be correct, we would have the anomaly to which I referred at the trial, that of requiring the executor to pay a tax on property which *has not come* into, and which he *cannot reduce* to, his possession, under penalty of subjecting the estate to heavy civil penalties, and himself to criminal prosecution, if he willfully avoids doing so.

Granted that the Congress has power to exact taxes in cases where no transfer occurs in contemplation of state law, the fact remains that the only basis for any claim by the Government in this case is the community property law of the State of Washington. See, Lang v. Commissioner, 1938, 304 U.S. 264, 58 S.Ct. 880, 82 L.Ed. 1331; DeLappe v. Commissioner, 5 Cir., 1940, 113 F.2d 48. As already appears, that law provides *no method* for separating from the value of the policy the portion belonging to the wife so as to incorporate it into her estate and subject it to estate tax upon her death. The case of Estate of Carroll, 1933, 29 B.T.A. 11, is not convincing. It is based on Louisiana law. The policy was payable *to the husband's estate*. The Board took the view that, under Louisiana law, one-half of the surrender value of the policy automatically became a part of the wife's estate upon her death. But the Knight case, decided under Washington law, distinctly holds that in Washington, upon the death of the wife, *no estate passes to her heirs*. And, as we are interpreting Washington law, this decision is binding on us. See, Lang v. Commissioner, supra; DeLappe v. Commissioner, supra.

In what precedes, we have already indicated other reasons why, under this law, a different conclusion is commanded. It should be added that the view here reached finds support in the cases holding that a decedent's gross estate does not include "property subject to unexercised general * * * powers". See, Helvering v. Safe Deposit Co., 1942, 316 U.S. 56, 62, 62 S.Ct. 925, 928, 86 L.Ed. 1266; Porter v.

Commissioner, 1933, 288 U.S. 436, 53 S.Ct. 451, 77 L.Ed. 880; Lehman v. Commissioner, 2 Cir., 1940, 109 F.2d 99; Estate of Royce, 1942, 46 B.T.A. 1090. And, at best, the wife possessed only the power, in her lifetime, to prevent an unauthorized change of beneficiary. California-Western States Life Ins. Co. v. Jarman, 1947, 29 Wash.2d 98, 185 P.2d 494.

Hence the ruling above made.